Christopher W. Bayuk, Esq. (State Bar No. 121751)
BAYUK & ASSOCIATES, INC.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Telephone: (530) 903-3160
email: cbayuk@bayuklaw.com

Attorneys for Plaintiff: Sunny Robbins fka
Sunny Pi

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY ROBBINS, FKA, SUNNY PI<br><br>PLAINTIFF,<br><br>V.<br><br>TURNING POINTS FOR FAMILY, LLC; LINDA GOTTLIEB, LMFT / LCSW-R; COPARENTING MADE EASY; MITRA SARKHOSH, LMFT; CARLSBAD COUNSELING CENTER; KENDALL WAGNER, LMFT; LAW OFFICES OF STEVEN L. FRITSCH, A.P.C.; STEVEN L. FRITSCH, ESQ.; LAW OFFICES OF LINDA J. ALEXANDER; LINDA ALEXANDER; JEFFREY PI AND DOES 1 - 50<br><br>DEFENDANTS | CASE #: **'23 CV 1061 BEN KSC**<br><br>**COMPLAINT**<br>1.) **Violation of 42 U.S.C. §1983**<br>2.) **Violation of 42 U.S.C. §1983 –**<br>   **Substantive Due Process**<br>3.) **Violation of 18 U.S.C. §1961** *et seq.*<br>4.) **Professional Negligence of Therapist**<br><br>**REQUEST FOR JURY** |

## I.     GENERAL ALLEGATIONS

Plaintiff, Sunny Robbins hereafter pleads and avers the following:

**1.**     Plaintiff, Sunny Robbins, fka Sunny Pi (hereinafter referred to as Plaintiff and/or Robbins) is a resident and citizen of San Diego County, California. Plaintiff is the natural mother of her three (3) minor children: KP (DOB: 12/30/2006), CP (DOB: 8/22/2009), and RR (DOB: 1/23/2020).  Plaintiff herein alleges RR is not party nor subject of an ongoing Family Law matter, filed in the Superior Court for the State of California, County of San Diego, Family Law Division,

generally styled: *Sunny Robbins fka Sunny Pi v. Jeffrey Pi*, Case number: DN184483. (Hereinafter referred to as FLA)

2.     Plaintiff is further informed, believes, and thereon alleges that Defendant Turning Points for Families LLC (TPFF) is solely owned by Defendant Linda Gottlieb, who has disclosed and/or represented in tax filings Turning Points for Family taxed as an S-Corporation, permitting all income and revenue to pass through to its sole owner, officer and shareholder, Linda Gottlieb.

3.     Plaintiff herein is further informed and believes that TPFF is merely a shell and alter ego of Defendant Linda Gottlieb also known as Linda Gottlieb Eberle as there is a substantial if not identical unity of interest between the two, as Defendant Linda Gottlieb regularly accepts payment of fees/costs intended for TPFF through the acceptance of monetary payments to her as an individual.

4.     Plaintiff herein is further informed and believes that TPFF by the very nature of permitting itself as a Limited Liability Corporation being taxed as an S corporation shows and establishes the inequality resulting from only holding TPFF liable as opposed to both TPFF and Defendant Linda Gottlieb.  Plaintiff on information and belief herein alleges Defendant TPFF lacks requisite assets from which recovery can be had, as all of the purported assets are held and/or are either transferred and/or vested individually in the name of Linda Gottlieb.

5.     Plaintiff herein is further informed and believes that Defendant Linda Gottlieb, claims to hold licensure(s) and/or certifications in the State of New York as a Licensed Marital Family Therapist and a Licensed Clinical Social Worker – R.  Defendants Turning Points for Family and Linda Gottlieb (hereinafter collectively referred to Defendant Gottlieb and/or Gottlieb) are neither licensed nor hold any certification issued by the Board of Behavioral Sciences in the State of California, yet TPFF by and through Defendant Linda Gottlieb, regularly offers opinions and conclusions about individuals whom she has not examined in a clinical or therapeutic session and conducts alleged therapy, misidentified as therapeutic vacation.

6.     Plaintiff herein is further informed and believes that Gottlieb has availed herself to the jurisdiction of this Court by regularly and systemically making herself available for the so-

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
2

called therapeutic vacation, submitting briefs, declarations and letters to the Courts of this State and by offering to provide testimony, in exchange for a fee and/or one-time payment of $15,000.00.

7. Plaintiff herein is further informed and believes that the Court's within the jurisdictional confines of the Southern District, as the San Diego Courts have referred other alleged custody disputes to Defendant Gottlieb, and in the FLA, Gottlieb received an appointment in or about November 22, 2021.

8. Plaintiff herein is further informed and believes that Defendant Coparenting Made Easy is an unknown business entity, operating out of the County of San Diego, City of Vista. Defendant Coparenting Made Easy is not listed with the Secretary of State of California but is believed to be solely and/or owned by Defendant Mitra Sarkhosh as the majority stakeholder. Defendants Coparenting Made Easy and Mitra Sarkhosh shall be collectively referred to as Defendant Sarkhosh and/or Sarkhosh. Despite requests for records pertaining solely to Plaintiff, Sarkhosh has refused to produce any records pertaining to Plaintiff, including but not limited to communications between Sarkhosh and Plaintiff; Sarkhosh's "intake" notes of Plaintiff which occurred on two (2) separate occasions and which only involved interaction between Sarkhosh and Plaintiff, and failed to produce any reports/declarations submitted to the Court and provided to the attorneys of record, and for which any confidentiality and/or privileged was waived by virtue of the submission.

9. Plaintiff herein is further informed and believes that Defendant Mitra Sarkhosh, purports to be a Licensed Marital Family Therapist, (LMFT) by the State of California, Board of Behavioral Sciences, and was appointed and directed by the Court presiding over the FLA to act in a number of therapeutic capacities, the first assignment being on or about June 15, 2020.

10. Plaintiff herein is further informed and believes that Defendant Carlsbad Counseling Center is an unknown business entity, operating out of the County of San Diego, City of Carlsbad. Defendant Carlsbad Counseling Center is not listed with the Secretary of State of California but is believed to be solely and/or owned by Defendant Kendall Wagner as the majority

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
3

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

stakeholder. Defendants Carlsbad Counseling Center and Kendall Wagner shall be collectively referred to as Defendant Wagner and/or Wagner.

11. Plaintiff herein is further informed and believes that Defendant Kendall Wagner, purports to be a Licensed Marital Family Therapist, (LMFT) by the State of California, Board of Behavioral Sciences. Wagner was initially appointed by the San Diego Superior Court as the Conjoint Therapist for KP and Plaintiff on or about November 22, 2021, but she had already commenced services in the capacity as early as July 2021. Wagner's therapeutic role was subsequently and unilaterally changed by Gottlieb to act as the individual therapist for Plaintiff, in December 2021. Despite requests for records pertaining solely to Plaintiff, Wagner has refused to produce any records pertaining to Plaintiff, including but not limited to communications between Wagner and Plaintiff by either emails and/or through the use of Our Family Wizard; Wagner's therapy notes taken during the individual sessions, as opposed to the typed version, Wagner's "intake" notes of Plaintiff which occurred July 2021 and which only involved interaction between Wagner and Plaintiff, and failed to produce any reports/declarations submitted to the Court and provided to the attorneys of record, and for which any confidentiality and/or privileged was waived by virtue of the submission.

12. Plaintiff for the sake of brevity will hereinafter refer to Defendants Turning Points for Family, LLC, Linda Gottlieb, LMFT/LCSW, Coparenting Made Easy, Mitra Sarkhosh, LMFT, Carlsbad Counseling Center, and Kendall Wagner, LMFT, collectively as the Mental Health defendants.

13. Plaintiff herein is further informed and believes that Defendant Law Offices of Steven L. Fritsch, A.P.C., is a California Corporation, wholly owned and operated by Defendant, Steven L. Fritsch, who is the sole officer, director, officer and attorney.

14. Plaintiff herein is further informed and believes that Defendant, Steven L. Fritsch, Esq., purports to be a California attorney holding a Specialist Certification for Family Law. Defendants Law Offices of Steven L. Fritsch, A.P.C., and Steven L. Fritsch shall be collectively

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
4

referred to as Defendant Fritsch and/or Fritsch. Defendant Fritsch was first appointed as Minor's counsel on or about February 2, 2020.

15.    Plaintiff herein is further informed and believes that Defendant Law Offices of Linda J. Alexander, is an unknown business unknown business entity, operating out of the County of San Diego, City of Vista. The Defendant Law Offices of Linda J. Alexander is not listed with the Secretary of State of California but is believed to be solely and/or owned by Defendant Linda J. Alexander as the majority stakeholder.

16.    Plaintiff herein is further informed and believes that Defendant Linda J. Alexander, Esq., purports to be a California attorney holding a Specialist Certification for Family Law. Defendants Law Offices of Linda J. Alexander and Linda J. Alexander shall be collectively referred to as Defendant Alexander and/or Alexander.

17.    Plaintiff herein is further informed and believes that Plaintiff is informed and believes that Jeffrey Pi aka Jeffrey Suck Joon Pi (hereinafter Pi and/or father) presently resides and is a citizen of San Diego County. Pi is the father of KP and CP described above.

18.    Plaintiff is informed and believe and thereon allege that the Defendants, and each of them, were agents, conspirators, partners, employees, principles, shareholders, joint ventures, servants, alter ego and/or employees of the remaining Defendants, and each of them, and in doing the acts alleged herein, were acting within the course and scope of that agency, partnership and/or employment at the direction of, and with the knowledge, consent and approval of the remaining Defendants and each of them.

19.    Plaintiff herein further alleges on information and belief that at all times relevant hereto and as set forth in more detail, *infra*, the Defendants were acting under the "color of law" by virtue of the alleged private parties, Pi and Alexander, willfully participating in joint action with the State or its agents, by and through the Mental Health Defendants to deprive Plaintiff of Constitutionally protected rights.

20.    Plaintiff herein further alleges on information and belief that at all times relevant hereto and as set forth in more detail, *infra*, the Defendants were either expressly or impliedly

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
5

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

participated and/or engaged in a common plan or design to interfere with Plaintiff's rights to have custodial and visitation with her children; Defendants collectively operated pursuant to the common plan or design to engage in activities violating Plaintiff's rights to Due Process and deny her significant property rights.

21.     Plaintiff herein further alleges on information and belief that at all times relevant hereto and as set forth in more detail, *infra*, the Defendants were either expressly or impliedly participated and/or engaged in a common plan or design to interfere with Plaintiff's rights to have custodial and visitation with her children; Defendants collectively operated pursuant to the plan or design to engage in activities violating Plaintiff's rights to Due Process and deny her significant property rights through the use of falsifying evidence, making false claims, impersonating third parties, using multiple aliases, making false statements under the penalty of perjury.

22.     Plaintiff herein further alleges on information and belief that at all times relevant hereto and as set forth in more detail, *infra*, the Defendants entered into either an express and/or implied agreement whereby they collectively engaged in a plan of conduct consisting of an enterprise of removing children from the custody and visitation of one (1) parent in favor of another parent; each of the Defendants expressly and/or impliedly were aware and agreed to the planned course of conduct to deprive Plaintiff of custody and visitation of her children.   Pi knowingly and/or impliedly joined and/or assisted in the joint conduct of Alexander, Fritsch and the Mental Health Defendants receiving a benefit by their actions as well as his own in wrongfully receiving sole physical and legal custody for the last eighteen (18) months, which wrongful custody constitutes a taking and is ongoing.

23.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 50, inclusive, and therefore, sue those Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

24.     Plaintiff is further informed and believe and thereon alleges that the fictitiously named Defendants are negligently, strictly, statutorily, vicariously, or otherwise legally

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
6

responsible and culpable in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

## II.    JURISDICTION AND VENUE

**25.**    Jurisdiction and Venue are proper in this District, as Plaintiffs bring this Civil Rights lawsuit.    Primary venue and jurisdiction rests with this Court based upon both 42 U.S.C. §1983, wherein plaintiffs seek to redress and recover for the deprivation of rights arising from her losing custody and visitation with her children.

**26.**    The Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's first and second cause of action, a claim for damages under 42 U.S.C. § 1983.

**27.**    Jurisdiction is further conferred upon this Court by 28 U.S.C §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §1983.

**28.**    Jurisdiction and venue in this case are invoked onto the Court pursuant to provisions of 18 U.S.C. §1961; 18 U.S.C. §1962; U.S.C. § 1964.1, U.S.C. 1965(a)(b) of the civil RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO); and Article III, Section 2, to the Constitution of the United States codified under 28 U.S.C. § 1331.

**29.**    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to the claims occurred in this District.

**30.**    Plaintiff herein alleges that this Court has supplemental jurisdiction over the State Law claim against Wagner pursuant to 28 USC §1367, as the acts and/or omissions complained of herein are intertwined and related with Federal claims alleged against the other Defendants and arose out of the same series of actions and/or non-action.

## III.    BACKGROUND AND STATEMENT OF CASE

**31.**    The Board of Behavioral Sciences is a California state regulatory agency, responsible for licensing, examination, and enforcement of professional standards for: Licensed Marriage and Family Therapists (LMFT) and Licensed Clinical Social Workers (LCSW).    The Board's mission is to protect and serve Californians by setting, communicating and enforcing

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
7

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

standards for safe and competent mental health practice. The Board by and through its members utilizes both (1) the Code of Ethics of the California Association of Marriage and Family Therapists and (2) the National Association of Social Workers Code of Ethics: Ethical Standards. Each therapist whether an LMFT or LCSW are required to uphold and adhere to their respective Code of Ethics, and in those cases where they have a dual licensure/certification compliance with both standards is required, dependent upon the therapy being rendered. To the extent any therapist is providing evaluation, therapy and/or diagnosis of an individual they are bound to follow the applicable Code of Ethics.

32.     Plaintiff herein further alleges on information and belief that Gottlieb, while allegedly licensed in New York was still required to follow the applicable Code of Ethics governing both of her licenses and/or certifications.

33.     Plaintiff herein further alleges on information and belief that the Mental Health defendants knew and understood their legal and ethical obligations to be fair, neutral and unbiased in rendering their treatment, therapy and reporting to the Court. As set forth following, the Mental Health defendants repeatedly breached both their legal and ethical obligations by favoring Defendant Pi and engaging in conduct depriving Plaintiff of a fair and impartial hearing in the FLA, and by further misrepresenting and/or omitting important facts needed by the Court to make determinations accurately and impartially in the FLA, to the detriment of Plaintiff.

34.     Plaintiff herein further alleges on information and belief that the Mental Health defendant make determinations accurately and impartially obligations to report conflicts of interest including but not limited to prior business dealings with one another and attorneys representing parties in the FLA, the nature and extent of professional referrals between the Mental Health defendants individually and the defendant attorneys, Alexander and Fritsch and by failing to disclose the information denied both the Court and Plaintiff the ability of a fair and impartial hearing in the FLA, and by further misrepresenting and/or omitting important facts needed by the Court to accurately and impartially make determinations in the FLA, to the detriment of Plaintiff.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
8

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

**35.**    Plaintiff herein further alleges on information and belief absent the appropriate licensure/certification by the Board of Behavioral Sciences an individual is precluded from performing any type of therapeutic services in their field of qualification, regardless of their education and/or licensing/certification outside of California.

**36.**    Plaintiff herein further alleges on information and belief that Defendants Alexander and Fritsch knew and understood their legal and ethical obligations to be truthful and have direct candor in their dealings with the Court, and both knew and understood the absolute requirement of correcting misrepresentations and/or false pleadings to the Court.  Defendants Fritsch and Alexander further understood that in their dealings with Court appointees, they were to avoid ex parte contacts and not influence and/or sway the Court appointed individuals with false and misleading information. Defendants Alexander and Fritsch failed to disclose the information relating to Alexander's past dealings/relationships with the Mental Health defendants and further failed to disclose their ex parte contacts with the Defendants thereby denying both the Court and Plaintiff the ability of a fair and impartial hearing in the FLA, and by further misrepresenting and/or omitting important facts needed by the Court to make determinations accurately and impartially in the FLA, to the detriment of Plaintiff.

**37.**    Plaintiff herein further alleges on information and belief that defendants Alexander and Fritsch knew and understood their legal and ethical obligations to report conflicts of interest including but not limited to prior business dealings with one another and the mental health defendants participating and/or under consideration by the Court. Defendants Alexander and Fritsch failed to disclose the information thereby denying both the Court and Plaintiff the ability of a fair and impartial hearing in the FLA, and by further misrepresenting and/or omitting important facts needed by the Court to make determinations accurately and impartially in the FLA, to the detriment of Plaintiff.

**38.**    Plaintiff herein further alleges on information and belief, the case arises from the systematic violation of Plaintiff's Civil Rights and Due Process resulting from the Defendants engaging in conduct depriving Plaintiff of the right to raise, visit, see, have custodial rights and/or

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
9

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

visitation of two children, KP and CP.[1]  Defendants have falsely claimed the children were subjected to "parental alienation" an ill-defined syndrome, which is neither accepted nor recognized by the American Psychiatric Association, nor in the present edition of the DSM V.

39.    Plaintiff claims that on and after August 1, 2021, Defendants collectively engaged in a concerted course of action violating Plaintiff's Civil Rights and concurrently engaging in violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).

40.    Plaintiff herein further alleges on information and belief, the pseudo-concept of parental alienation is a non-scientific, non-supported argument claiming that children alleging abuse, including emotional, physical and sexual abuse during high conflict divorces suffer from "parental alienation syndrome" caused by mothers (favored parent) who have led their children to believe that they have been abused by their fathers (target parent) and to raise allegations of abuse against them.  The theory has been criticized for its lack of empirical basis, for its problematic assertions about sexual abuse and for recasting abuse claims as false tools for alienation, which, in some cases, have dissuaded evaluators and courts from assessing whether abuse has actually occurred.  Parental alienation has been dismissed by medical, psychiatric and psychological associations, and in 2020 it was removed from the International Classification of Diseases by the World Health Organization. Nevertheless, it gained considerable traction and has been widely used to negate valid allegations of domestic and sexual abuse within family court systems on a global scale.

41.    Plaintiff herein further alleges on information and belief, that some purported therapists including these Mental Health Defendants recommend and utilize draconian remedies to address the syndrome, including a complete cut-off from the favored parent (Plaintiff) in order to "deprogram" the child into believing all of their negative memories about the target parent (defendant Pi) were false and intentionally planted by the favored parent to manipulate the children.  Essentially the arguments for the alleged alienation become a self-fulfilling prophecy

---

[1] Plaintiff's final cause of action for professional negligence as against Wagner is brought under the Court's supplemental jurisdiction and the claim arises from the same general set of circumstances and facts.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
10

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

with the greater rejection, regardless of the reason being allegedly more evidence of the alienating syndrome was observed – every item of embarrassment is the favored parent's fault and intended to drive a wedge between the children and the target.  As soon as a parent is judged as being "alienating," "implacable" or "failing to listen", their actions or inaction are argued as being alienating and prejudicial to the parent who is allegedly being alienated.

42.     Jurisdictions use different iterations utilizing phrases as "high conflict disputes", "parental manipulation", "attachment intolerance" or "parent-child relationship problem", but in essence, the proponents in the United States utilize parental alienation.

43.     The United States state family courts often look to alleged independent advice from alleged child experts to decide on an appropriate outcome. While the ultimate decision is presumably made by the presiding judge, the recommendation of the evaluator(s) is powerful and one that, in practice, most judges follow.

44.     Plaintiff herein further alleges on information and belief, the Mental Health defendants are well aware of the docketing and workload issues of the Judiciary, especially those in the Family Law divisions, and they wield their recommendations with a sense of unrelenting power – submitting false or misleading information designed to support Pi's claims he is blameless and it entirely Plaintiff's fault his children do not want a relationship with him.

45.     Plaintiff herein further alleges on information and belief, for the Mental Health defendants, the claim of parental alienation is undoubtedly a lucrative endeavor that allow them and their compatriots to provide their services in family proceedings for a fee. Training programs and conferences, have proliferated on a global scale over the last two decades, provide yet another stream of income – Gottlieb appears regularly trumping her draconian TPFF protocols, and providing various outlines for lawyers and litigants alike, on how to push the Court (1) to pursue her program, (2) providing the targeted parent and/or their attorneys with summary analysis of proceeding with allegations the favored parent had to have engaged in wrongful conduct (often high-lighting a child's choice to not see the Defendant) all leading to a possible finding of parental alienation, requiring intervention.  Children's claims of abuse by the targeted defendant are

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
11

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

discounted, disputed and ultimately blamed on the favored parent like Plaintiff, who was a stay-at-home mom while Pi was off spending the family's money on gambling, strippers and other women.

46.    The TPFF/Gottlieb program or more accurately "de-programing" avoids State oversight because it advertises itself as providing a therapeutic vacation or educational based services, as opposed to therapeutic care.  The advertising misnomer is intentional and Gottlieb renders and provides therapeutic intervention and coping methods to the attendees, while providing methods to cure/curb/stop the alienating (favored) parents alleged improper actions.  Although Gottlieb refers to her deprogramming methods as education, they are in fact a series of actions to transfer and/or reprogram a child's memories and recollection, making the child believe the memories are not real, and were implanted or forced upon them by the alienating (favored ) parent – this process involves therapeutic manipulation and counseling by Gottlieb.

47.    Publications have noted that the discredited and unscientific pseudo-concept of parental alienation is used in family law proceedings by abusers as a tool to continue their abuse and coercion and to undermine and discredit allegations of domestic violence made by mothers who are trying to keep their children safe. It also shows how the standard of the best interest of the child is violated by imposing contact between a child and one or both parents and by prioritizing contact with the abusive parent, even where there is evidence of domestic violence.  The Mental Health defendants write reports downplaying if not denying the existence of abuse on the part of the father, while simultaneously claiming the favored parent was engaged in abusive tactics without proof.

48.    A favored parent such as Plaintiff is told her children were/are not mature enough or cognitively developed yet to perceive things accurately as a result they are not able to accurately recall and describe their interactions with the target parent.  During sessions with the Mental Health defendants the favored parent is faulted and chastised for listening and raising the concerns of the children while the so-called neutral unbiased Mental Health defendants rely completely and accepted as true, statements made by the children and target parent. The favored parent, like

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
12

Plaintiff is subsequently confronted, criticized and chastised for alleged reports, stories and vignettes allegedly provided to the Mental Health defendants by these same Children regardless of age and/or proof, and Plaintiff is directed to apologize for each, and every event of alleged abuse brought forth by the Mental Health defendants allegedly learned from discussions with the children and/or Pi.

49.    The favored parent is deemed an unfit parent by the Mental Health defendants for listening and attempting to protect her children, while the Mental Health defendants, conclude she is lying and/or embellishing because the children were not "mature enough by way of cognitive development to perceive things accurately mental competency and no one would want a child developing and/or enforcing a school curriculum, run a pharmacy or even sit on a jury". Despite this, the Mental Health defendants are free to agree and give credence to any story provided or implanted by them upon the child, i.e., telling the child the real/original memory was false and/or incorrect being intentionally planted by the favored parent.

50.    Gottlieb advertises the Turning Points for Families program as a four-day, "therapeutic vacation" allegedly utilizing a transitional program to "jump-start" the healing of a severed or severely damaged relationship between a child and fit parent. *TPFF* is a symbolic-experiential intervention that merges family systems therapy with psychoeducation. Suspension of contact with the favored parent is essential in order for the child to feel free to engage with the target parent and be freed from the loyalty web imposed by the favored parent – Mental Health defendants in conjunction with the other defendants constantly emphasizing and re-emphasizing it was the favored parent who did this to you – Pi is a great guy who loves you and would never do anything to hurt you.

51.    As noted below, Gottlieb commencing the first day of the "vacation" the children are repeatedly told and advised that everything their alienating parent (Plaintiff) did was a form of abuse and designed to turn them against the target parent (Defendant Pi). The children are told the events as they remember them, did not occur in that fashion, and in fact it was the alienating parent who manipulated them, their actions and memories. Gottlieb refers to the sessions as correcting

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
13

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

the child's 'revisionist family history' as being essential to the healing process and sessions, memorabilia or input from the target defendant is necessary to "counteracting the child's false, programmed beliefs which are deeply entrenched.

52.    Reports show sessions are spent correcting misinformation and outrageous allegations against the target/alienated/rejected parent to mitigate the damage done to the child from having chosen sides as a result of the loyalty web imposed by the favored parent.  The children are threatened they will never see the favored parent again, unless they forgive and forget the abuse of the target parent, or that if there is no cooperation, the favored parent will go to prison.

53.    In other words, the Mental Health defendants threaten, trick and mislead the children into thinking that everything they ever learned from the favored parent (plaintiff) was false and designed to drive a wedge between the two (2) parents.  This driving a wedge and engaging in reverse parental alienation is contrary to Gottlieb's prior statements that the adversarial system does not work with reuniting parents, is not in the best interests of the children, and that there must be shared: "Sole custody is not in the best interest of children.  It took two (2) parents to make a child.  It takes two (2) parents to rear a child."

54.    Negative and appalling reports have surfaced from former attendees of the TPFF therapeutic vacation.  Gottlieb's response has been to claim her disbelief the Social Media posts are being used to "attack her program".  Gottlieb's response was/is to state she will be seeking a gag order (protective order) preventing any minor who attends her program from speaking out publicly about their case.  The truth coming out about the abusive nature of the parent(s) is a one-way street, flowing only in favor of the narrative the Mental Health defendants want the Court to believe – the target defendant never engaged in bad behavior or if so, it was trivial.

55.    Plaintiff herein alleges on information and belief that Gottlieb's program has reportedly resulted in hospitalization of attendees or potential attendees, children running away from the targeted parents' custody due to abuse and violence after Gottlieb's deprogramming.  The targeted parents threats of violence against the children and favored parent, coupled with multiple investigations of physical abuse were discounted if not ignored by Gottlieb the children being told

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
14

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

it never happened – the claims of alienation are a "fantastic defense" against claims of sexual abuse, claiming the children have been programmed or coached by the favored parent – the Defendants falsely arguing to the Court and/or in so-called therapy sessions: It is easier for the favored parent to lie as opposed to the targeted defendant harming or abusing their own child. Gottlieb's response – the children need to be returned to the targeted parent, because the abuse allegations are all false and implanted and the children need to be deprogrammed of these false memories, but planed with new one's wherein the favored parent becomes the target.

56.     Gottlieb has further suggested - The problem is the court system and the matrimonial attorneys. They're invested -- many of them, not all -- in making their bottom line, and the more adversarial they make it, obviously, it increases their income. Unfortunately, a lot of people in the judiciary do not approach this with "time is of the essence."  For her part, Gottlieb has stated (1) the care and treatment is covered by insurance under CPT code 90847, and if professionals don't know this they are either not trained and shouldn't be doing therapy or they want to make money on the side, because insurance doesn't pay much.  The Mental Health defendants, including Gottlieb have not billed insurance, therefore according to Gottlieb they are either untrained or simply trying to line their pocket(s).

57.     Gottlieb has stated "I've devoted my career to that.  I don't take cash for these cases. I only bill for family therapy because that's what you want to do to help people."  Clearly her demand for Plaintiff to pay $15,000.00 contradicts her statement, and the defendants are lining their pocket through the Court system while the other Defendants delay the resolution all at Plaintiff's loss and damage.

58.     Gottlieb claims the court case drags on or/are adjourned where there's no visitation, whereas the post Gottlieb intervention is denying visitation to the other parent, and children are really getting damaged.  "We shouldn't be asking children to cut off their left or right arm, which is what is being done when they are asking them to choose one parent over the other; the child needs both parents.  Making them choose. This is a terrible form of emotional child abuse."  Yet from the beginning of her sessions, she pits children against the parent, and demands the parent,

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
15

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Plaintiff admit faults for all of the items, scenarios and incidents allegedly raised by the children. The children are taught Plaintiff was/is the abusive parent, and they should not desire or want to see her, until she apologizes to them for all of the wrongs, the Mental Health defendants and Pi contend exist. The art of reprogramming according to the Defendants arises from sanctifying the targeted parent (Pi) and vilifying the Plaintiff.

59.     The children are tricked, falsely led to believe and threatened that they must accept their new "favored parent", Defendant Pi, while rejecting Plaintiff entirely. The TPFF protocol admits to elevating the target parent into the position of healer of the child, at the express expense of the favored parent, i.e., Plaintiff – leading to further consternation and elevation of discord and adversity.

60.     In the case at bar, it is the Defendants who engaged in acts of threats, trickery, misrepresentation, omission and deception to the Court resulting in a violation of Plaintiffs Civil Rights to Due Process by actively making false representations and/or omitting important information to the Court and Plaintiff while denying and continually delaying either the most remote visitation and/or custody, all at the expense and damage of Plaintiff, making her financially responsible for paying all or a portion of the Mental Health defendants costs (despite according to Gottlieb, such treatment is covered by insurance, a fact not disclosed to the Court) as well as half of Defendant's Fritsch's invoices.

61.     Plaintiff herein further alleges that while the Mental Health defendants at Gottlieb's coaching preach a remedial family therapy program, in practice it excludes the favored parent for long periods of time, threatening the favored parent (Plaintiff) with both non-visitation and non-custody, unless and until there is an admission that all of the child's memories (whether false, implanted and/or imagined) as elicited and/or fabricated during the four (4) day session are admitted to by the favored parent, Plaintiff, as being intentionally imposed upon them by the favored parent to the detriment of the target.

62.     Plaintiff herein further alleges that the Mental Health defendants have a significant history of working together and recommending each other for work to the financial gain of both.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
16

1  This professional, business and personal relationship, including the disclosure of past and current

2  cases working together were not disclosed to either Plaintiff or the Court.  The failure to disclose

3  these past/present relationship would have disclosed the Mental Health defendants' prejudice and

4  bias in favor of the Defendant Pi, as the Defendants uniformly take positions favoring the target

5  defendant, usually a man, and against the favored stay-at-home mom, like Plaintiff.

6        **63.**    For her part, Defendant Gottlieb failed to disclose her pre-conditioned,

7  preconceptions, bias and/or prejudices against mothers, in general, but more importantly her

8  propensity to favor fathers claiming alienation such as Plaintiff.  Defendant Linda Gottlieb has

9  written how her mother undertook steps to  alienating her from her father, and how she fantasizes

10  and wished her parents had entered therapy so her mother could acknowledge she had neglected

11  and abused Defendant Linda Gottlieb emotionally and apologized for it.  Defendant Gottlieb's bias

12  and prejudice against mom's are evidenced by her demands that the favored parent (Plaintiff)

13  ignore the specificity of the Court Order and write an apology letter to each of the children

14  addressing each and every slight, embarrassment or abuse, Gottlieb claims were raised by the

15  children (despite their lacking the mental competency) failure to write such a letter indefinitely

16  extends the sequestration period.

17        **64.**    Although the TPFF protocol specifically states a letter is not required for successful

18  treatment and/or lifting of sequestration, the TPFF by and through Gottlieb "requires specific

19  stipulations and language which must be included as part of any Court Order" before TPFF will

20  accept in pertinent part:

21              **a.)** Target parent to accompany children to four (4) day intervention in New

22  York. (Favored parent to remain away with no contact with the children during the four (4) day intervention.

23              **b.)** Temporary/permanent order for the transfer of sole physical and legal custody to the rejected parent.

24              **c.)** A 90-day no-contact period between the children and the favored parent.

25  The lifting of the no-contact must be dependent upon stabilization of the child's reconnection with target parent and favored parent's demonstration of willingness and commitment to support the relationship between the other parent and children.

26              **d.)** . . .

27

28  *Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
17

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

**e.)** The favored parent is expected to write a letter to the child. . . This letter is to be approved by TPFF, i.e., Gottlieb, before being given to the child. (This contradicts the express language in the protocols – letter not being required.)

**f.)** . . .

**g.)** The favored parent is, i.e., must engage with a TPFF approved therapist . . . (This not only contradicts the Court's Order stating present therapist to be given first consideration, but also shows the conspiratorial relationship between TPFF and their approved therapists – including Sarkhosh and Wagner).  Therapist will need to provide documentation that the favored parent is ready willing and able to support the relationship between target and the children and will abstain from alienating/favored behaviors.

65.    Plaintiff herein further alleges that Gottlieb has stated by and through TPFF literature  that "I do not require alienating parents to write that they had committed child abuse when they accept responsibility for having engaged in alienation; (one reason being legal objections and another reason being I do not wish to humiliate the alienating parent.)"  In practice, Gottlieb often threatens the favored parent with longer sequestration, denigrates and maligns the favored parent and demands the parent apologize and accept responsibility for each and every alleged event of abusive conduct raised by Gottlieb to the parent.

66.    The petition of dissolution in the FLA was filed on September 16, 2015.

67.    Defendant Fritsch was appointed as Minor's counsel for both KP and CP on February 25 2020.   In California, a minor's counsel is an attorney appointed by the court to represent the child. The Minor's Counsel solely represents the child, not the parents, and works to support the child's health and well-being. The Minor's Counsel will be a neutral voice for the child and will be separated from the emotions that frequently come with a divorce. Generally counsel only represents one child, so if there is more than one child involved in the custody dispute, as in the instant case, Fritsch was under a mandatory duty to disclose to the Court he could not represent both children, as each child had differing areas of concern and issues, based upon their age, sex and nature, extent and level of alleged difficulty with either parent.  Fritsch has known of the differences as he lodged various Reports submitted by Gottlieb, Sarkhosh, and Wagner with the Court, describing the differing dynamics in alleged issued, and treatment. Despite Defendant

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
18

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Fritsch being appointed as minor's counsel, has on numerous occasions repeatedly and only listed Defendant Pi as his client.

68.    Neither Defendants Fritsch nor Alexander advised either the Court or Plaintiff of their professional and personal relationship with Defendant each other at the time of Fritsch's appointment, and subsequently neither advised of their ongoing relationships with Sarkhosh, Wagner and/or Gottlieb.  Fritsch and Sarkhosh have referred and/or recommended the other for position(s) on cases involving purported custody disputes.

69.    Defendant Sarkhosh was appointed as Conjoint Therapist for KP and Defendant Pi June 15, 2020.  On or about May 24, 2021, Sarkhosh was given the option of being the conjoint therapist for Plaintiff and the children as well or forwarding a list of therapists chosen by Sarkhosh to be the conjoint therapist for Plaintiff and the children.  Although Sarkhosh knew of the Order in May 2021, no list was forwarded by her until June 21, 2021 – the list only included three (3) names, including Defendant Wagner, Ms. Light and Ms. Himlin.  Sarkhosh failed to advise Plaintiff of her relationships, be it professional and/or personal, with any of the other defendants, but in particular Wagner who was the only one on the list accepting Court related cases – in other words, Sarkhosh stacked the deck, so the only available choice was Wagner, and Sarkhosh knew Wagner followed the TPFF brand of therapy yet failed to disclose to Plaintiff.

70.    Plaintiff herein further alleges on information and belief that at all relevant times, the Mental Health, and legal defendants had ongoing business relationships and/or financial ties, which severely compromised their neutrality on matters involving custody disputes, especially in favor of men claiming parental alienation, which was utilized to the detriment of Plaintiff.

71.    As of January 21, 2020, Defendant Pi had alternating weekends from Friday after school to Sunday at 8:00 p.m., with appropriate notice Defendant Pi could parent an additional two (2) times per month for dinner.  This schedule remained in effect until changed by the San Diego Superior Court on or about September 1, 2020, when the Court ordered Pi to have parenting time on the Monday evening (5:00 – 7:00 p.m.) following the children's weekend with Plaintiff.  The

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
19

Court set out a telephone/facetime schedule, with no reference to texting. The Court further ordered KP and Defendant Pi to go to Sarkhosh, and Plaintiff to participate as permitted.

72.    Plaintiff herein further alleges on information and belief that in August 2020, Pi complained to Sarkhosh about him not being able to contact the children, because the phones either blocked him or were off – Sarkhosh noted the children simply were not in the habit of calling him, and Pi further complained about the children responding to texts from Plaintiff. According to Sarkhosh, Pi agreed to pay for part of the phone bill, but he never paid, nor did he timely pay child and spousal support, resulting in Plaintiff's inability to stay current on some of the Defendants invoices.

73.    Plaintiff herein further alleges on information and belief that on or about March 6, 2021, Pi by and through Alexander filed a false declaration with the Court, setting forth false facts and information, including an incident between KP and his new wife. Pi took his son to his baseball game while KP stayed at home with Pi's second wife. Because he was at the game, he failed to respond to contacts from either KP or Plaintiff.

74.    Plaintiff herein further alleges on information and belief that according to KP the wife yelled at her after KP did not come to eat, and subsequently threw a wooden cross on the bed. Pi declared, even though he was not there, the cross was thrown at his wife's head, and his wife did not lose her temper. Pi further claimed the Sheriffs were going to take KP into custody because of her threat to harm herself placing her on a 5150 hold, from which she backed down. Pi further falsely declared that Plaintiff showed up at his house, aggressively approached him and took the kids with her. KP has denied throwing anything at wife's head and confronted her father about taking his wife's side in the incident. Despite apologizing, Pi has continued to file a number of false declarations, repeating the same factual allegations with reference to date and stating the whole incident was staged, contrived and conceived by Plaintiff. Pi had no facts to support the false statements under oath, because Plaintiff was simply never involved until after she was requested by the Sherriff to come pick up the daughter.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
20

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

75.     Plaintiff herein further alleges on information and belief that in the same declaration, Pi falsely claims to the Court Plaintiff had made plans to go to dinner with her grandmother, but did not tell him, despite it being his so-called dinner night.  The declaration fails to advise the Court of his failure to confirm, and his prior failures to appear on his appointed nights without notification and/or excuse, often leaving Plaintiff to feed the children late.

76.     Plaintiff herein further alleges on information and belief that as of April 2021, governmental reports confirm Pi's statement that the parenting plan in effect since 2019, every other weekend and alternating Monday dinners, but claimed Plaintiff did not always respect his time for alternating Monday night dinners.  Pi failed to disclose the effect and impact COVID had on his (availability) ability to attend such dinners as well as his failure to appear for those dinners without notification to Plaintiff or the children.  Pi advised the governmental employee of the March 6, 2021, event, falsely stating KP would go on hunger strikes and not eat when she is at her house[2] – this resulted in his wife making her something to eat and delivering it to the door.  Pi failed to respond to KP's contact and he agreed to let both children go to Plaintiffs.  Pi mentions events in each of declarations that are stale and/or occurred more than a year in the past, sometimes more.

77.     Plaintiff herein further alleges on information and belief that in Pi's report to Sarkhosh and governmental investigator Pi never mentioned the sheriff's coming to the house, never mentioned Plaintiff drove onto his property and approached him aggressively.  Pi never advised the Court that he apologized to KP for not asking about her version of events, or that KP carried two (2) cellphones, one of which was a dedicated father's phone.  Pi continued to put false testimony that the whole event was caused and contrived by Plaintiff, despite having no evidence.  Pi has never disclosed to the Court the nature and extent of the relationship between KP/CP with his wife.

---

[2] Father has admitted to Sarkhosh that KP eats when she was hungry.  Pi failed to include any notion of the hunger strikes in his declaration to the Court.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
21

**78.**    Plaintiff herein further alleges on information and belief that on or about May 7, 2021, Sarkhosh by and through Fritsch submitted a report to the Court – characterizing the divorce as a high conflict but noting the conflicts between KP and Pi's new wife.  The children were safe in both homes, although KP complained about the interactions with stepmother.  Sarkhosh recommended continued therapy for all, but not the stepmother, and both parents to participate in conjoint therapy.  Sarkhosh speaks negatively about Plaintiff in discussing non-payment of support in front of Kelsey during a Zoom meeting – but she fails to tell the Court Plaintiff got up and left the room and apologized to KP for bringing it up.  KP continually discussed how Pi upsets her, but Sarkhosh brushes it under the table, by stating that Pi was making efforts, but the event complaint continually came up – taking his wife's side and minimizing KP's feelings.  Although, Sarkhosh states KP continues to share her pain and anger, but Sarkhosh failed to tell the court Pi had pushed her down the stairs; fails to advise the Court with specifics of the bad relationship between KP and Pi's new wife, and fails to advise the Court, of Plaintiff's statements to her about always supporting the children's contact with their father and confirming Plaintiff did not block Pi's number.

**79.**    On or about May 13, 2021, San Diego Family Court Services lodged their fifth report with the Court making certain recommendations which were not adopted by the Court in issuing its subsequent Order on May 24, 2021.

**80.**    Plaintiff herein further alleges on information and belief that on or about May 13, 2021, reporting the conversation with Sarkhosh wherein the phone issue was raised, but Sarkhosh failed to disclose KP had two (2) cellphones, and failing to advise the investigator Plaintiff had denied having the children block their father.  Sarkhosh further stated she wanted Plaintiff to help KP with the issues involving KP and stepmother, something never discussed with Plaintiff.

**81.**    The failure to accurately report in a fair, impartial and neutral manner violated Sarkhosh's obligations under both the California Rules of Court and the ethical standards governing her actions as a conjoint therapist appointed by the Court.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
22

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

82.     Plaintiff herein further alleges on information and belief that on or about May 24, 2021, the Court held a hearing and made findings giving each parent 50/50 physical custody: week on/week off; fifteen-minute daily phone call for the non-custodial parent, no text messages to or from during non-custodial time, no disparaging comments, no exposing children to court papers or disputes, other people ordered to comply; both parents to have counseling/therapy, and Sarkhosh to either begin conjoint with Plaintiff and children or provide Plaintiff with a list.  The actual Finding and Order after Hearing was ultimately signed and filed until August 6, 2021.

83.     On or about June 1, 2021, the parties entered into a stipulation and order agreeing formally to a one week on / one week off schedule, including vacation schedule during the summer.

84.     Plaintiff herein further alleges on information and belief that on or about June 21, 2021, Sarkhosh sent to Pi with a copy to Plaintiff a list of three (3) therapists suitable for Plaintiff to begin conjoint therapy (i.e., Kendall Wagner, Jussi Light and Cathy Himlin.)

85.     Plaintiff herein further alleges on information and belief that Plaintiff had an intake session with Wagner in July and saw KP on or about July 27, 2021.  Conjoint therapy with Plaintiff and KP proceeded on August 1, 16, and September 26.

86.     On or about July 29, 2021, Sarkhosh again submitted a false report to the Court claiming on July 28, 2021, KP had presented with scratches on her arm, presenting them to Sarkhosh, even though self-harmers usually hide the arm – Sarkhosh concluded the scratches were staged, but failed to advise the Court, that during the time in question Pi had physical custody of KP as it was during his week on.   Sarkhosh discusses a scratching incident on or around July 7, 2021, again, while in Pi's custody, but fails to tell the Court, that the scratches were so severe KP was bleeding as witnesses by Pi's sister-in-law, i.e., "Aunt Doreen" who has no relation to Plaintiff. Sarkhosh further failed to report that Defendant Pi's wife, Marie Kaplan, had separated from Pi effective July 15, 2021.

87.     Plaintiff herein further alleges on information and believes that on and after May 23, 2021, she regularly engaged in both conjoint and individualized therapy to such an extent that the therapists arranged a joint meeting between Plaintiff, KP and CP, which took place on October

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
23

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

15, 2021, paraphrasing the therapist: Mom and Chris attended Kelsey's session yesterday per Kelsey's agreement. She read them a letter of apology, taking accountability for past negative communication about Dad. She and the kids agreed that going forward: Dad will be referred to as Dad, Mr. Mikey will remain Mr. Mikey Mom will not text or call the kids when they are at Dad's. The kids may choose whether or not they want to do their daily 15 min call to mom each night while at Dad's. If the kids text mom, she will not respond while they are at Dad's. Mom will have the kids communicate with Dad if there is a problem that impacts the schedule/time at Dad's, encouraging them to ask him for a response by a reasonable, specific time so they can make a decision about plans. Mom clarified that she wants to support them with problems in general but will not engage in conversation regarding any conflict with their relationship with Dad. Kids were reminded they can request to meet with Ms. Trina, talk to Dad directly, or talk to each other as siblings do when frustrated with a parent.  Most importantly, the therapist reported: "The kids reported feeling relieved regarding the apology and agreement on moving forward."  Neither this report nor its content and conclusions were submitted to the Court by either Sarkhosh, Wagner nor Fritsch.

     **88.**     The purported hearing scheduled for August 5, 2021, was continued to October 21,2021, and thereafter November 12, 2021.  At the hearing Plaintiff agreed to provide Fritsch with Doreen Pi's (referenced as Kaufman in Fritsch's and Pi's court submissions) contact information.  Fritsch failed to contact Ms. Pi and as will be shown, subsequently argued Aunt Doreen improperly contacted the children at the request of Plaintiff which was a violation of the no-contact order, despite knowing Aunt Doreen was not related to Plaintiff, but is actually the wife of Pi's brother.

     **89.**     Plaintiff by and through counsel stated to the Court, Sarkhosh was clearly favoring Pi, in violation of her absolute obligation to remain unbiased and neutral.

     **90.**     Plaintiff herein further alleges on information and belief that on or about October 7, 2021, Defendant Alexander filed a false declaration with the Court intentionally misrepresenting Fritsch, making false accusations against Plaintiff claiming that Fritsch had represented to the

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
24

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Court Wagner Plaintiff's failure to consult Wagner.  However, on August 5, 2021, Fritsch advised the Court that all of the therapists were having a meeting on August 9, 2021, to discuss the case, and that Wagner had confirmed she needed more time.  Fritsch failed to advise the Court, of KP's separate initial interview occurring on July 27; failed to advise the Court, Wagner had not provided access to Wagner's Our Family Wizard communication account as of the hearing date; failed to advise the Court Wagner had not complained of scheduling issues, or that contrary to the Court's order of May 24, 2021, that almost a month past before Sarkhosh provided the therapist list to Plaintiff.  Despite these representations to the Court, the invoices produced show there was apparently no communication between Fritsch, Sarkhosh and Wagner prior to the hearing.

91.    Plaintiff herein further alleges on information and belief that Fritsch, in addition to listing Pi as his client, has been intentionally redacting information as to the names of individuals with whom he is speaking/communicating, and such redaction constitutes a fraudulent billing practice.

92.    Plaintiff herein further alleges on information and belief, that on or about October 7 or 8, 2021, Plaintiff had a session with Wagner, which was not therapeutic in nature or kind, and consisted of Wagner stating Plaintiff was an abuser; improperly asking Plaintiff what her attorney was going to do and how was her attorney going to proceed so she could pass the information onto the Defendants.  Maligning your patient and asking for confidential information violates the Code of Ethics under which Wagner and even Gottlieb are permitted to practice.

93.    Plaintiff herein further alleges on information and belief, that on or about October 8, 2021, sent an email to Wagner confirming Plaintiff had been seeing her individual therapist and what they were working upon, including sitting down with KP/CP to review Plaintiff's behavior and apologizing for it; Plaintiff advised Wagner a therapist should not be shaming, criticizing, and making vitriol comments to their clients. During our session and after you have read a few messages between CP and Plaintiff, Wagner stated, "How could you live with yourself?" and "I hope you at least get some visitation." Lastly, Plaintiff added she was not solely to blame for KP's

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
25

BAYUK & ASSOCIATES, INc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

self-harm, and it was unfair for her to do so.  This would be especially correct since the alleged scratching incidents occurred during Pi's custody.

94.    In response to the foregoing, Wagner thanked Plaintiff for the email and acknowledgements made therein but copied others including Fritsch and Sarkhosh with the reply without deleting and/or redacting any of Plaintiff's complaints directed against Wagner – thus breaching privilege.

95.    Plaintiff herein further alleges on information and belief, that on or about November 2, 2021, Fritsch, lodged a conjoint report authored by Defendant Wagner.  The lodgment only included Wagner's report and made no reference to attachments, and no attachments to the Wagner's report were served on Plaintiff's counsel.

96.    Plaintiff herein further alleges on information and belief, that on or about November 2, 2021,  Defendant Pi by and through Alexander, filed a declaration acknowledging he had invaded his son's privacy by accessing CP's private cell-phone and based upon his interpretation falsely stated to the Court with the assistance of Alexander that it was his belief Plaintiff had committed systematic abuse of the children in order to alienate them; believes the plan started seven (7) years ago, and was designed to replace Pi as the father with Plaintiff's new husband, claiming Plaintiff had been tracking the children's movements, but failing to disclose to the Court he had the exact same tracking program and used it to keep track of Plaintiff[3]; Pi failed to tell the Court, the children were fully aware both parents kept track of them via their phones.

97.    Plaintiff herein further alleges on information and belief, that Defendants, Pi and Alexander, submitted messages that were not dated, therefore unilaterally assigned dates to the texts to fit their arguments of alienation.  Pi and Alexander, intentionally failed to present to the Court text messages wherein Plaintiff was simply telling her children she loved them, good morning/night, you have to stand up for yourself, and CP you need to protect your sister – none of

---

[3] In 2018, it was estimated 16% of parents track their children; 61% monitor and visit websites their children visit, and 48% admitted to going through their child's phone call and message records. In 2022, another report found 84% of the respondents admitted to some form of electronic monitoring of their children, 70% used at least one form of monitoring they had told the children about and 36% used at least one form of monitoring for which the child was not told.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
26

which is any different than any parent talking/texting their child. Defendant Sarkhosh and KP's individual therapist both told KP that she and her brother needed to set boundaries with Plaintiff, which is no different than Plaintiff's comments to her children.

98.    Plaintiff recognizes and confirms there were some statements/texts which were both impermissible and unacceptable, but the Defendants collectively viewed and advised the Court all of the communications were abusive, while failing to present other texts, which Defendants Pi and Alexander had exclusive control and provided samplings to Fritsch.

99.    Plaintiff herein further alleges on information and belief, that Pi again in the November 2, 2021, declaration misrepresents the March 6, 2021, incident, which had (1) been presented to the Court, and (2) was stale, because there had been no such similar incidents, because of Pi's separation from his wife, which he falsely represented to the Court was merely a separation to be closer to the children.

100.    Plaintiff herein further alleges on information and belief, that on or about November 3, 2021, Pi and Alexander lodged a false and deceptive exhibit with the Court attaching the November 2, 2021, Fritsch lodging but representing to the Court that Fritsch's lodgment had attached to the Wagner report an article authored by Defendant Gottlieb. This submission again violated Alexander's obligation to the Court of candor and honesty.

101.    Plaintiff herein further alleges on information and belief, that the November 2nd and 3rd, 2021, filings were intentionally deceptive and shows Alexander, Pi and Gottlieb had pre-arranged arguments and submissions to support Pi's claims of alienation – as Gottlieb set out the parameters of what and how Pi needed to make in his newest allegations and statements to the Court. This submission again violated Alexander's obligation to the Court of candor and honesty.

102.    Plaintiff herein further alleges on information and belief that on or about November 5, 2021, Defendants were provided a letter from Plaintiff's individual therapist stating Plaintiff had been the victim of domestic abuse by way of Pi's emotional and financial abuse, and the abuse was the result of years of abuse and other actions causing Plaintiff to suffer trauma. The therapist further confirmed that in October 2021, Plaintiff took accountability for her devious and poor

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
27

parent behaviors in a therapy session with KP and CP, apologizing for the confusing and sometimes harmful behaviors of the past, and identifying the changes she will make going forward.

103.    Although, Defendants were provided with the information, they ignored the diagnosis – never advising the Court about the diagnosis or how it parlayed into their treatment plans, the reason being, the Defendants could not have an opinion confirming Pi's abuse to Plaintiff as part of the treatment plan, i.e., making Plaintiff the only abuser and elevating the stature of Pi.

104.    Plaintiff herein further alleges on information and belief that the Mental Health defendants would state to the Plaintiff her therapist wasn't qualified, did not know what she was doing, calling her a "shitty" therapist.  Defendants, including Pi by and through Alexander subsequently filed a false declaration contending the therapist's diagnosis was essentially a sham diagnosis created to provide Plaintiff with a false alibi/excuse for her abusive behavior, in other words the therapist compromised her ethical obligations in rendering a diagnosis contrary to Defendants plans and false presentations.

105.    Plaintiff herein further alleges on information and belief that the Court on November 18, 2021, issued a Finding and Order after Hearing ruling there was to be no modification of prior Orders.  Court reiterates prior orders, no texting during other's custodial time.  More time with the therapist is needed.  Sarkhosh to remain as therapist.  Parties ordered to follow all previous orders.  Court confirms Chris can talk with Sarkhosh.

106.    Plaintiff herein further alleges on information and belief, that on or about November 22, 2022, at the hearing, Defendant Alexander represented to the Court she had submitted a proposed Order to the Court, even though Plaintiff's family law counsel was served with a proposed Stipulation the morning of November 11, 2021, listing Gottlieb more than 20 times.  Defendant Alexander at the hearing argued against a program involving both parents, because although it would coincide with Gottlieb's family therapy / shared parenting program, the proposal put forth by Plaintiff ran counter to the Gottlieb protocols of re-programming the children to reverse the roles of the parents - favored to target and target to favored – and essentially alienating Plaintiff from the children's lives.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
28

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

107.    Plaintiff herein further alleges on information and belief, that Defendant Alexander preparation of the "proposed" Order was based primarily if not exclusively on a suggested order received from TPFF/Gottlieb and provided to Alexander.  Defendants Fritsch, Alexander and Pi had obtained preliminary information from Gottlieb regarding symptomology and mandatory language to include in the Order.

108.    Plaintiff herein further alleges on information and belief, that at the hearing, Defendant Alexander misrepresented to the Court that Father and KP had only just begun, i.e., only one (1) conjoint visit last week – the week of November 15, 2021.  Defendant Sarkhosh was appointed as the Conjoint Therapist on June 15, 2020, and according to her invoices reflect 18 separate "conjoint" visits, and numerous other "therapy" visits, with only one (1) therapy visit on November 16, 2021.[4]  Alexander's statement to the court and adopted by Pi and Fritsch was intended to mislead and deceive the Court and obtain a change in the Order.

109.    Plaintiff herein further alleges on information and belief, that Defendant Alexander further violated California law by orally stating that in her 27 years of practice this was the worst case of parental alienation she had ever seen, as there is no Order by the Court making any such finding, nor that Plaintiff posed any danger to the children.

110.    Plaintiff herein further alleges on information and belief, that within a week of the hearing Defendant Fritsch for his part was undertaking a review of therapists, i.e., provided to him by Sarkhosh via email for recommendation to the Court as separate individualized therapists for Plaintiff.

111.    Plaintiff herein further alleges on information and belief, that on after various points in time August 2021, Defendants Sarkhosh, Wagner, Alexander and Pi engaged in communications with Gottlieb, in efforts to obtain her assistance with sequestering the children through the use of protocols.

---

[4] It appears Defendant Sarkhosh's custom and practice in billing was to identify when Plaintiff had a session either alone or with KP or designate separate entries wherein only KP was seen.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
29

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

**112.** Plaintiff herein further alleges on information and belief, that pursuant to the November 22, 2021, Order, Plaintiff was directed to not inform the children of the Order until the children meet with Gottlieb and Gottlieb gave direction to Plaintiff on how to advise and explain the program.

**113.** Plaintiff herein further alleges on information and belief, the cost of the four (4) days was to be paid entirely by Plaintiff, with Pi paying travel and lodging expenses.

**114.** Plaintiff herein further alleges on information and belief, that the Court stated the sequestration period was to be a minimum period of 90-days (Neither Plaintiff nor her family members were to contact the children), and the length of the sequestration was subject to (1) Plaintiff showing she was ready, willing and able to support Pi's relationship with the children, (2) the status of reunification and Plaintiff's cooperation/support of reunification.

**115.** Plaintiff herein further alleges on information and belief, that the Court directed Plaintiff to provide Gottlieb a letter addressed to the children stating the importance of having their other parent meaningfully in the children's lives, including the qualities the other has to offer the child, the importance of having a meaningful relationship with the other parent, and that Petitioner Mother supports the reunification and why. Petitioner Mother shall also state she expects the children to support the reunification program by cooperating with all instructions. Materials were to be provided from Plaintiff's individual therapist to Gottlieb showing Plaintiff's willingness to support the relationship between the children and Pi.

**116.** Plaintiff herein further alleges on information and belief, that contrary to the Court' express direction on the content of the one (1) letter, Gottlieb knowingly and intentionally ignored and refused the Court's Order unilaterally changing the requirement to include two (2) letters one for each child, expressing the different value and benefit Pi could have on their lives and further failing to comply with the Court's order by directing Plaintiff to prepare a separate letter addressing each and every item allegedly brought up by the children, acknowledge their harm for each item raised by the children (according to Gottlieb), apologize to each of the children including a statement Plaintiff should not have visited her sins on the children.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
30

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

117.    Plaintiff herein further alleges on information and belief, that the Court in its Order confirmed Defendant Kendall Wagner as the conjoint therapist, even though she had been acting in that capacity and spoken to Plaintiff, Pi and KP as early as July 2021, as well as having defendant Fritsch submit a report to the Court in November 2021.

118.    Plaintiff herein further alleges on information and belief, that the Court Ordered Pi and the children to engage Sarkhosh in collaboration with Gottlieb as the conjoint therapist for Pi and the children.  The Order further provided Gottlieb was to "participate" in the selection of an ongoing individual therapist and provide collaboration with the therapist; but previously involved therapists to be given first consideration.

119.    Plaintiff herein further alleges on information and belief, that the Order provided Pi was to have sole physical and legal custody of the children until sequestration lifted by the Court.  Once the sequestration period was lifted a 50/50 parenting schedule may be recommended to the Court for the best interests of the children.

120.    On or about December 6, 2021, based upon Gottlieb's statement advising Alexander that it was "crucial" for Respondent's wife, Marie Elaine Renteria-Kaplan, to participate in TP intervention, and to be in direct/indirect contact with the children.  Parties stipulate to permit participation of Marie Elaine Renteria-Kaplan based upon Alexander's and Gottlieb's representations.  Defendants Alexander and Pi failed to advise the Court and Plaintiff that Ms. Renteria-Kaplan had previously separated effective July 15, 2021.

121.    Plaintiff herein further alleges on information and belief, that on or about December 9, 2021, the Court signed and entered its Findings and Order After Hearing issued an attachment/amendment to the November 22, 2021, Order, making the following changes in pertinent part: (a) father and children to attend TPFF program in New York from December 18 through 21, 2021; (b)  the court modified its prior order by ordering that "Mother shall not discuss the program with the children"; (c) there is no evidence warranting a change in custody and no need to change current custody until the children and father go to TPFF in New York; (d) father will need to discuss the program for purposes of packing within 72 hours of leaving for New York.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
31

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

122.    Plaintiff herein further alleges on information and belief, that on or about December 10, 2021, the children were removed from the custody of Plaintiff and transported to an unknown location.

123.    Plaintiff herein further alleges on information and belief, that on December 10, 2021, Gottlieb sent notification to Plaintiff that she was to participate in a Zoom call on December 10, 2021, between Gottlieb, Pi and Plaintiff, due to Gottlieb having an emergency call with another attorney, the call was re-scheduled to December 11, 2021.

124.    Plaintiff herein further alleges on information and belief, that on or about Saturday, December 11, 2021, Plaintiff, Pi and Gottlieb had a three-way conversation.  Gottlieb requested Plaintiff to prepare a letter at which time, Pi at Gottlieb's urging wanted the letters sent to him and Gottlieb for pre-approval and specifically stating the letters were to include that the kid's had done nothing wrong, and were made to do or say things that they should not have ever been told to do – clearly mirroring a prior conversation and demand before the sessions had even started – Pi and Gottlieb wanted Plaintiff to make admissions and concessions of abuse amongst either items as well as giving Pi purported approval over the letters to be given to the children.  Gottlieb noted she had problems with visiting the sins of the parent(s) upon the child.

125.    Plaintiff herein further alleges on information and belief, that Pi stated his wife had been impacted negatively, Pi thereafter declined to permit his wife to participate either in person or via Zoom; the reason was clearly Pi and his wife had already formally separated but Pi and Gottlieb wanted her included as part of the letter – Gottlieb saying the children should not feel they can break up a marriage.  Pi further mentioned that he was going to spend the day before the session started, December 17, 2021, in Manhattan, with the session starting on December 18, 2021.

126.    Plaintiff herein further alleges on information and belief, that Defendants, Gottlieb, Sarkhosh, Pi, Alexander and Fritsch were aware or should have been aware that Pi's wife, Marie Kaplan, had separated from Pi on or about July 15, 2021, and formally filed a Petition for Legal Separation from Pi on or about December 9, 2021, but these Defendants intentionally and knowingly withheld the information from the Court, knowing it would impact the Court's analysis.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
32

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

1    When the information was disclosed to the Court it was simply portrayed as a desire by Pi to spend

2    time with his children, which was not truthful.

3        127.    Plaintiff herein further alleges on information and belief, that at the conclusion of

4    the Zoom conference, Gottlieb sent a link for the Zoom call on December 13, 2021.

5        128.    Plaintiff herein further alleges on information and belief, that on or about December

6    13, 2021, at the time Plaintiff joined the call as directed by Gottlieb, the other participants (Pi, KP

7    and CP) had already started and engaged in discussions about the New York visit.  During the call,

8    Gottlieb without notification and contrary to the Court's December 9, 2021, Order directed

9    Plaintiff to explain the program to the children, Plaintiff had no option but to comply.  During

10   Plaintiff's attempt at explanation Gottlieb continually interrupted and corrected Plaintiff, thus

11   being critical of Plaintiff, causing her embarrassment and anxiety in front of the children while

12   endearing Defendant Pi with compliments and salutations.  Further, during the call, Pi upon

13   questioning by Gottlieb denied he had ever abused either the Plaintiff or the children in any fashion

14   – prompting a direct violation by Pi to not discuss the family law matter in front of the children.

15       129.    Plaintiff herein further alleges on information and belief, that during the Zoom call,

16   Gottlieb hyped up the 4 days to be 4 days of pure bonding and "full of fun." She spoke about how

17   her other 'clients' chose activities such as bowling, museums, and such; the mention of bowling

18   was meant to play to CP as Pi had told Gottlieb the day before their plan to go bowling.  She tried

19   to ease both Kelsey's and Chris' confusion and assured them that they would have lots of fun while

20   repairing the damaged relationship they'd had with their dad.   The reference to repairing the

21   damage is a foretelling to the children that someone was to blame for the relationship issues.

22       130.    Plaintiff herein further alleges on information and belief, that on or about December

23   14, 2021, Sarkhosh held a joint session with Pi and the children.  As subsequently reported to the

24   Court by Sarkhosh by and through Fritsch, the children were fully aware of the Court's Order,

25   sending them to New York, their cell phones would change, and there was to be no contact with

26   Plaintiff.

27

28

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
33

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

131.    Plaintiff herein further alleges on information and belief, that the communications on December 13th and 14th, were a knowing violation of the Court's Orders by Gottlieb, Sarkhosh and Pi, wherein the Court ordered no one was to discuss the pleadings or issues related to the FLA, disparage the other parent, and the Court directing only Pi to raise the issue with the children but not until within 72 hours of the departure for New York.

132.    Plaintiff herein further alleges on information and belief, that Pi and the children arrived in New York as early as December 16, 2021, and met with Gottlieb on December 17, 2021, wherein they went bowling.

133.    Plaintiff herein further alleges on information and belief, that on or about December 15, 2021, she prepared a draft letter which she believed was in compliance with the Court's order of November 22, 2022, and sent it to Gottlieb, who in turn sent a copy to Pi and possibly the other Defendants.

134.    Plaintiff herein further alleges on information and belief, that on about December 17, 2021, Gottlieb and Plaintiff spoke at which time Gottlieb demanded separate letters for each child, and misinterpreting the letter as implying issues with father was a result children's relationship. Gottlieb in order to force/extort compliance by Plaintiff, Gottlieb misquoted the order by stating the Court had found that Plaintiff had made the children have an unhealthy relationship with Pi. There was no such finding in the Order, just as there was never a finding and/or order issued by the Court stating Plaintiff had engaged in parental alienation. Gottlieb denied the children had ever been abused by Pi, and questioned Plaintiff's honesty about her prior emotional abuse claim. Although Gottlieb sent Alexander and Pi the exact language to be incorporated into the Order, she used the order essentially drafted by her to argue the Court's order was every powerful.

135.    Plaintiff herein further alleges on information and belief, that during the call, Plaintiff advised Defendant Gottlieb of a Christmas incident from 2019, between KP and Pi's wife, with information Plaintiff learned from KP. Defendant Gottlieb stated KP was not mature enough (lacking cognitive development) to perceive and relate things accurately – Gottlieb analogized it

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
34

to a 13-year-old running a pharmacy or school curriculum, and there is a reason she would not sit on a jury, so why would Plaintiff accept her word over that of her father. Gottlieb thereafter questioned Plaintiff's statement she had been abused, and because it was never "reported" Gottlieb did not believe Plaintiff, especially since Pi had denied during the Zoom call of December 13, 2021, when the children were on the call.

136.    Plaintiff herein further alleges on information and belief, that during the call, Gottlieb repeatedly requested and demanded Plaintiff tell her everything that had happened, because Gottlieb was threatening to get the information from the children – "it is going to come out when I speak to them."

137.    Plaintiff herein further alleges on information and belief, that Plaintiff and Gottlieb had a second call on December 18, 2021during the call, Gottlieb was very "suspicious" of Plaintiff's statements, referred to Plaintiff as a sinner and told Plaintiff she had poisoned her children, saying the kids told her, Plaintiff was the cause of this, had lost complete trust in Plaintiff and that they blamed her for the negative relationship between KP and Pi's wife. Gottlieb wanted Plaintiff to address every issue raised by Plaintiff, admit to the alleged abusive conduct, and apologize for it – even if Plaintiff had not done anything or was not even present. Gottlieb threatened longer sequestration if Plaintiff did not admit and apologize to everything.

138.    Plaintiff herein further alleges on information and belief, that Plaintiff and Gottlieb had a third call on December 19, 2021during the call, Gottlieb claimed KP was suicidal because of Plaintiff; was stating how great Pi and how the kids glorified him. Gottlieb stated Pi had admitted to the children to spending over $500,000.00 on litigation all caused by Plaintiff – violating a Court order directing the parties not to discuss the litigation in front of the children, but Gottlieb and Pi desired to use the information to humiliate, denigrate and further program the children that Plaintiff was the abuser.

139.    Plaintiff herein further alleges on information and belief, that on or about December 20, 2021, she prepared draft letters which she again believed were on incompliance with the

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
35

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

1    Court's order of November 22, 2022, and sent it to Gottlieb, who in turn sent a copy to Pi and

2    possibly the other Defendants.

3        140.    Plaintiff herein further alleges on information and belief, that during the third phone

4    call with Gottlieb on or about December 20, 2021, Gottlieb stated Plaintiff had put a stake through

5    her children's hearts and accused Plaintiff of having a false/bad memory because it was

6    inconsistent with the children's alleged tales to her.  Gottlieb brought up a "candle" recital from

7    October 2019, where Gottlieb said Plaintiff was yelling at Pi in front of the audience embarrassing

8    KP.

9        141.    Plaintiff herein further alleges on information and belief, that during the call,

10   Plaintiff advised Gottlieb she had been in individual therapy with Veronika Noble, Gottlieb stated

11   she had never heard of this therapist and ordered Plaintiff to switch her care to Kendall Wagner,

12   despite being questioned about the conflict of interest with Wagner acting in two (2) different

13   roles, Gottlieb contrary to the Code of Ethics ordered the switch after threatening to extend the

14   sequestration period if the switch was not made – there was no conflict because Plaintiff was not

15   going to see KP for a very long time.  Gottlieb made it clear plainly that if Plaintiff did not see

16   Kendall Wagner as the individual therapist the sequestration period would be extended.  Gottlieb

17   did not have time to train someone, and Wagner already knows what we have discussed and the

18   issues.  Analogizing going to primary care doctor when a cardiac surgeon was necessary.  Gottlieb

19   stated she had not heard of Noble, and if Noble had the necessary skills Gottlieb would know of

20   her.  Gottlieb made no effort to contact Noble and refused to contact her.  Gottlieb instructed

21   Plaintiff to cancel her December 21, 2021, appointment with Veronika Noble, thus disrupting

22   Plaintiff's therapeutic recovery.

23       142.    Plaintiff herein further alleges on information and belief, that during the call,

24   Gottlieb stated KP had related stories of seeing Plaintiff cut Pi's head out of a number of pictures,

25   which is akin to Plaintiff "killing Pi" allegedly scaring KP.  Gottlieb had no interest in hearing

26   from Plaintiff having already decided, without proof but relying on the same children whom

27   Gottlieb had described were to cognitively deficient to observe, perceive and recount events to

28
*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
36

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Plaintiff. Gottlieb stated the children did not believe Pi ever abused Plaintiff and now see Plaintiff as the abuser. Gottlieb stated she did not need Pi's word because that is the children's perception of events. Gottlieb reiterated Plaintiff had a bad memory and does not believe her. Gottlieb claims to have worked with 3,000 adjudicated abused and neglected foster children, who were burned, sexually abused, locked in closets, and not one rejected a parent, not one.

143.   Plaintiff herein further alleges on information and belief, that during the call, Gottlieb brings up further issues raised by the children: changing clothes in the car; blaming Plaintiff for getting Pi kicked off as CP's soccer coach, and KP taking her stepfather to dance rather than making her take Pi, and the kids "thinking" Plaintiff would take their phones away, which Plaintiff denied and Gottlieb raising her voice stated I don't want excuses.

144.   Plaintiff herein further alleges on information and belief, Gottlieb claimed children were afraid, did not want to see Plaintiff and threatened Plaintiff with losing the children if she failed to follow Gottlieb's directions on drafting the letters; Gottlieb further demanded Plaintiff prepare a video which was to be shown to the children, again requiring Plaintiff to accept all blame, hold Pi blameless for any action, and apologize for each and every incident purportedly raised by the children while in New York. Plaintiff refused to prepare a video and further refused to accept blame for events that never happened, which resulted in Gottlieb rendering a false report to the Court and stating further sequestration and no contact was necessary.

145.   Plaintiff herein further alleges on information and belief, that on or about December 21, 2021, she prepared draft letters which she again believed were in compliance with the Court's order of November 22, 2022, and sent it to Gottlieb, who in turn sent a copy to Pi and possibly the other Defendants.

146.   Plaintiff herein further alleges on information and belief, that during the calls on December 17, 18, 19 and 20, 2021, Gottlieb was rendering therapeutic treatment – not education, to Plaintiff, giving therapeutic advice and making diagnosis of Plaintiff's issues. When it came to drafting the letters or analyzing Plaintiff's statements, Gottlieb was condescending, confrontational, demeaning, as well as threatening to never sign off on reducing the sequestration

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
37

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

order unless Plaintiff complied with her directions.  Contrary to the Court Order she was providing the letter to Pi for his input and comment.  Gottlieb's conduct violated the Code of Ethics as well as California Rules of Court.

147.    Plaintiff herein further alleges on information and belief, that Pi and the children left the greater New York area flying to Las Vegas on December 22, 2021.

148.    Plaintiff herein further alleges on information and belief, that on or about December 28, 2021, KP understood moving forward she needed to set boundaries about mom talking negatively about Pi, but no other issues were raised at that time.

149.    Plaintiff herein further alleges on information and belief, that after several "sessions" with Wagner, Plaintiff had a session with Wagner on February 12th and 18th, Wagner scolded Plaintiff for making KP go to a dance with step-dad, and when Plaintiff explained her husband had sat down encouraging KP to go with her father, Wagner stated cut the bullshit and your prior therapist (Noble) was a disservice to you, she was a shitty therapist and repeatedly referred to Plaintiff as a child abuser and Plaintiff would have been better off beating the kids. Wagner threated to contact Fritsch to provide a declaration against permitting conjoint therapy or visitation.  These statements and therapy all in violation of the Ethic's Wagner was required to follow as well as the duty she owed to Plaintiff as a treating therapist.

150.    Plaintiff herein further alleges on information and belief, that on or about February 22, 2022, KP gave permission for Wagner to share with Plaintiff all of her private journal notes so Plaintiff could see questions from KP.  Although the notes were provided to Wagner she only read certain portions of entries but not all of them, despite KP's express statements and desires.

151.    Plaintiff herein further alleges on information and belief, that on or about March 11, 2022, there was a collaborative discussion between Defendant Gottlieb and Wagner, where Wagner intentional downplayed Plaintiff's efforts by refusing to accept engaging in certain behaviors as identified by Gottlieb, which did not occur as reported by Gottlieb; recommends additional time to secure.  Wagner stated Plaintiff was taking responsibility and seeing how she had hurt the children – an admission, not reported to the Court by either Gottlieb and/or Sarkhosh.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
38

For her part, Gottlieb with Wagner's concurrence promised reunification with the children by May, but which was never reported to the Court. Wagner in a declaration filed with the Court, subsequently denied any such collaboration and/or phone calls, while admitting she and Sarkhosh work closely together.

152.    Plaintiff herein further alleges on information and belief, that based upon the Mental Health defendants plan to delay reunification, Gottlieb contrary to the Court order demanded Plaintiff prepare a video in addition to the letter, admitting to events and actions which either did not occur as presented, were abusive, or never occurred, and when Plaintiff refused to do the video, Gottlieb and the other defendants wrongfully, mislead the Court on Plaintiff's efforts to comply with Gottlieb's demands, which were outside the bounds of the order and/or TPFF protocols, by falsely advising the Court Plaintiff had failed to recognize the damage she caused the children.

153.    Plaintiff herein further alleges on information and belief, that on or about March 11, 2022, Plaintiff was misled and told by the Mental Health defendants, they were working on an incremental plan to restore her contact with the children.  Defendants were simply misleading Plaintiff through the use of trickery and false promises of reuniting with the children, by way of their providing letters to her and/or utilizing statements by the children that they wanted to reunite with her, but she must apologize for her alienating actions and accept all of them as being her plan.

154.    Plaintiff herein further alleges on information and belief, that on or about March 11, 2022, Gottlieb sent a draft copy of her purported report to the Court to Sarkhosh, Wagner, and Pi asking for their input and corrections, acknowledging the four (4) of them were acting as one unit when providing information to the Court.  Sarkhosh's response identified Plaintiff as Ms. Robinson and noted Gottlieb had incorrectly identified a conversation between KP and Wagner. Gottlieb's report states she had no contact with Pi and/or children since they left New York.

155.    Plaintiff herein further alleges on information and belief, that on or about March 11, 2022, Defendant Sarkhosh submitted a third report along with a report from Defendant Gottlieb to the Court via Defendant Fritsch, admitting that as of December 14, 2021, the children were fully

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
39

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

1    aware of the Court's Order, sending them to New York, their cell phones would change, and there

2    was to be no contact with Plaintiff.  As part of the report, Sarkhosh stated she falsely told Plaintiff

3    the children were going to send Plaintiff cards, something that has never been done – simply a

4    form of trickery and misrepresentation in violation of her ethical obligations and to create a false

5    sense of anticipation on the part of Plaintiff.

6        156.    Plaintiff herein further alleges on information and belief, that Sarkhosh's report

7    while mentioning the in-person meeting between Plaintiff and the children which occurred on

8    October 14, 2021, continued to omit from the report to the court, the conclusions and opinions of

9    KP's therapist, which had noted Plaintiff had read the children a letter of apology taking

10   accountability for past negative communication about Pi and the kids agreed to moving forward

11   with specific guidelines.  Despite having knowledge of KP's therapists' notes and opinions, the

12   Mental Health defendants refused to move forward with the plan agreed upon by the children.

13       157.    Plaintiff herein further alleges on information and belief, that Gottlieb's report was

14   designed to mislead the Court by omitting facts favorable to the Plaintiff.  The Gottlieb report said

15   the reconnection with Pi had met if not exceeded expectations; Gottlieb telling the Court KP

16   understands plaintiff had victimized her in perpetrating the plan to alienate Pi.  Gottlieb further

17   stated KP was struggling with why Plaintiff has not responded to questions posed by the children

18   – one of the reasons being Plaintiff did not respond to questions is that the Mental Health

19   defendants, Fritsch, Pi and Alexander all worked in concert to prevent Plaintiff from responding

20   to the questions, without first drafting a letter admitting fault, including abuse, for everything, in

21   order to further promote Pi, while humiliating Plaintiff (in other words, Plaintiff was not permitted

22   to simply respond to the children's questions, without drafting a satisfactory as demanded by

23   Gottlieb).  While blocking and/or preventing a response by Plaintiff to their questions, the children

24   were told Plaintiff was refusing and/or failing to admit her behavior.  Such conduct by the

25   Defendants further resulted in reverse alienation of Plaintiff, and simply reinforced the

26   deprogramming and/or reprogramming conducted by the Mental Health defendants in satanizing

27   Plaintiff's alleged conduct and glorifying Pi.

28

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
40

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

158.     Plaintiff herein further alleges on information and belief, that Gottlieb's report further exemplified why the children were entitled to separate minor's counsel, because while KP understood, CP had yet to comprehend and/or understand the dynamics.  As to both children, Gottlieb warned of the risk of relapse, but failed to suggest and/or recommend that all contact, initially, only be through supervised or conjoint meetings/sessions were in controlled circumstances.  The failure/misrepresentation/omission was intended by the Defendants to control the narrative to the Court and to lengthen the sequestration period for as long as possible by and through their submissions.  Gottlieb makes it clear that the alleged reconnection between the children and Pi was solely due to the no contact order, but the children had no choice given the reprogramming which occurred in December 2021, coupled with the Mental Health defendants continual reinforcement to the children that Plaintiff was the abuser, not Pi, while Plaintiff is unable to defend and/or protect herself from the false, misleading attacks and misrepresentation(s) perpetrated upon the children while refusing to permit Plaintiff to even respond to the children's question(s) unless and until the letter of fault and video of fault were prepared, provided to the Defendants and thereafter given/shown to the children.

159.     Plaintiff herein further alleges on information and belief, that the report continues to glorify Pi, consistent with Gottlieb's and Sarkhosh's reporting being biased in favor of Pi, in order to elevate and make him the "healing" parent, while falsely and intentionally portraying Plaintiff as an abusive parent.  Every parent disciplines or takes action(s) contrary to their children's wishes/desires, but according to Gottlieb and Sarkhosh, they falsely present Pi as an exemplar parent who never did anything contrary to the child's interest – he is the favored parent. According to the invoices, Sarkhosh's opinions of Plaintiff were particularly misleading and false, given she had neither seen nor spoken with Plaintiff since February 2021.

160.     Plaintiff herein further alleges on information and belief, that on or after March 11, 2022, she submitted a letter to Wagner, which was subsequently provided to Gottlieb, Sarkhosh and Pi.  Despite being provided the letter, the Mental Health defendants never advised Plaintiff of any deficiency of the letter, and Wagner never discussed it in session, only to state it was deficient.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
41

For her part, Plaintiff specifically pleads and avers the letter specifically and adequately addressed all six (6) points, but which was unilaterally, improperly and without justification refused by the Mental Health defendants and Pi so as to prolong the sequestration and deny Plaintiff's rights.

161.    Plaintiff herein further alleges on information and belief, that on about March 18, 2022, Wagner equated Plaintiff's actions to a father raping a child, and noting how terrified the kids are of her. Not only violating ethical constraints but clearly engaging in bullying of her own patient and misleading of her patient, as Sarkhosh never identified to the Court the children were terrified/scared of Plaintiff, but angry for not responding.

162.    Plaintiff herein is further informed and believes that Gottlieb that on or about April 25, 2022, Wagner told Plaintiff to contact Sarkhosh to set up conjoint therapy with the children, but after Plaintiff did as requested Sarkhosh while initially agreeing and having a solo session with Plaintiff, in order to obtain information, thereafter, refused to accept and/or respond to the inquiry/request to commence conjoint with the children. Defendants Sarkhosh and Defendant Gottlieb failed to advise and/or report the initial "intake" for commencement of a conjoint therapy to the Court, after April 27, 2022. Another example of mistreatment, trickery to get Plaintiff's hopes up, or intentionally withholding information that the therapists were looking at conjoint therapy in April 2022.

163.    Plaintiff herein is further informed and believes that Gottlieb that on or about April 28, 2022, at Sarkhosh's request Plaintiff sent a communication to Sarkhosh, recounting the December 2021, phone calls from Gottlieb, including Gottlieb calling Plaintiff a liar, sinner, falsely claiming KP was suicidal because of Plaintiff and how Plaintiff poisoned her children. Plaintiff closed the communication by stating the goal was to reunite with the children. Sarkhosh shared the communication with Gottlieb, who thereafter became more hostile towards Plaintiff, and the therapy being discussed and started on April 27, 2022, was abandoned by the Mental Health defendants based upon Plaintiff's communication to Sarkhosh.

164.    Plaintiff herein is further informed and believes that Gottlieb that on or about April 29, 2022, in a session with Wagner, Plaintiff described growing up, after which Wagner called

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
42

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Plaintiff's mom a child abuser and horrible patient, and asking why Plaintiff would physically harm CP, Plaintiff denied ever laying a hand on any of her children; Wagner responded that is what was reported, even though there was no such report, nor event – it was simply Wagner attempting to make Plaintiff question her actions through deception and trickery changing of the facts to implicate Plaintiff and make Plaintiff believe she was false..

165.    Plaintiff herein is further informed and believes that Gottlieb that on or about May 6, 2022, Wagner again questioned Plaintiff on whether she had spoken to her attorney and if so, what Plaintiff's attorney was going to do, inquiring whether Plaintiff had spoken to Sarkhosh or Fritsch; stating who would name their child Myra; Wagner backtracks on her April 25, 2022, email about setting conjoint therapy with Sarkhosh, but stating doubtful Plaintiff would get custody or visitation, especially 50/50.

166.    Plaintiff herein is further informed and believes that on or about May 13, 2022, Plaintiff had an individualized session with Plaintiff, again repeatedly calling Plaintiff an abuser, and telling Plaintiff, she was not going to receive 50/50 custody or visitation. Wagner told Plaintiff to research supervised visitation companies, one again, using trickery and the hope of conjoint therapy with supervised visitation, despite Wagner knowing the Mental Health defendants, Pi, Fritsch and Alexander would never permit it to happen.

167.    Plaintiff herein is further informed and believes that on or about May 20, 2022, Wagner referencing a post by Plaintiff's sister (regarding the sad reality of these reunification camps) will undoubtedly set Plaintiff back in seeing her kids, because Sarkhosh had sent it to Fritsch and Wagner; Wagner also discussed how the Mental Health defendants were very concerned about a disturbing email received from Plaintiff's attorney such that the Mental Health defendants did not respond or move forward with reuniting the kids and criticizing reunification camps.  Wagner analogized that Plaintiff's alleged actions was equivalent to "popping my kids in the kneecap".

168.    Plaintiff herein is further informed and believes that Wagner's comments show a bias and prejudice against Plaintiff as well as showing animosity by she and the Mental Health

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
43

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

defendants, Pi, Fritsch and Alexander of using third-parties posts and comments to the detriment of Plaintiff's rights – critical of either the Mental Health defendants or Gottlieb's reunification camps would have untoward consequences for Plaintiff.  Pi would subsequently request the Court issue sanctions and further Plaintiff for exercising her absolute right to free speech and protest.

169.    Plaintiff herein is further informed and believes that visits with Wagner degraded with Wagner denigrating Plaintiff, Plaintiff's family and repeatedly commenting on Plaintiff not receiving any custody and/or visitation based upon the reviews and comments from third parties, reiterating the third-party posts/comments were reflective on Plaintiff and violated the Court Order of no contact with the children.  Wagner made the statements and threats knowing the children had been previously advised by Sarkhosh to unfollow/unfriend and to discontinue social media contact with Plaintiff and her family members.

170.    Plaintiff herein is further informed and believes that for their part despite Sarkhosh's directive to the children, they continued to follow and initiate contact with their cousins, to which Pi and Alexander misrepresented to the Court as being initiated by Plaintiff's family members.

171.    Plaintiff herein is further informed and believes that at some point prior to May 30, 2022, Gottlieb drafted a declaration to the Court, which was pre-distributed to the Defendants for their review, edits and comments.

172.    Plaintiff herein is further informed and believes that on or about May 30, 2022, Gottlieb by and through Fritsch and in retaliation for Plaintiff sister's IG post, plaintiff's attorney negative comments about Gottlieb's reunification camp, and Plaintiff's own complaints to Sarkhosh, submitted another report which was designed and intended to prejudice Plaintiff's rights, portray Plaintiff in a false light, by failing to admit to the Court, she had neither seen nor spoken with Plaintiff since December 2021, stating Plaintiff perpetuated the false narrative of having been a victim of domestic violence (which Gottlieb states Fritsch confirmed from the Court record), calling plaintiff's thinking delusional; refused to accept letters for her failure to accept responsibility (not as required by the Court order) for addressing each and every incident the

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
44

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

children allegedly discussed in December which Gottlieb brought up but could not remember the details. Gottlieb's statements to the Court about Plaintiff not accepting responsibility were directly contrary to the specific requirements of the order, were designed to mislead the Court, and to punish Plaintiff for the acts of others being negative towards Gottlieb and the Mental Health defendants.

173. Plaintiff herein is further informed and believes that Gottlieb with the assistance of Fritsch, Sarkhosh, Wagner, Alexander and Pi, intentionally mislead the court by stating Plaintiff had perpetuated the false narrative of having been the victim of abuse, and the Defendants made this misrepresentation despite knowing of the November 2021, letter sent to the Court and Defendants or their counsel by Plaintiff's individual therapist, Ms. Noble, opining and concluding Plaintiff had been the victim of domestic abuse, including financial, and seclusion from other family members among other forms. The Defendants therefore perpetuated a fraud on the Court and in particular, Gottlieb and Fritsch, by omitting Ms. Noble's report, but Gottlieb had already determined Noble was not qualified, even though never speaking with her and not hearing of her, and Wagner felt she was a "shitty therapist". Given Defendants prior comments the omission was intentional and designed to mislead the Court that Plaintiff was delusional.

174. Plaintiff herein is further informed and believes that for his part, Pi and his attorney would in May 2023, subsequently claim, based upon receiving Gottlieb's draft report, that Plaintiff's abuse claim was false, and an excuse not ever raised prior to the Noble report; Pi claiming to the Court, Ms. Noble's opinion was nothing more than a pretext/excuse and not a valid opinion. In this same filing, Pi and Alexander as the representing attorney further set forth reason to sanction Plaintiff by punishing her for her right to free speech. Contrary to Pi and Alexander's speculation and abusive disparaging comments, there is a difference between accepting responsibility for actions one has undertaken as opposed to those actions which are programmed and made to make a child to forget or replace actual events, history and memories.

175. Defendant Pi by and through Alexander have admitted the children underwent a process whereby their old memories were "deprogrammed" from the children's memories and

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
45

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

replaced with calling Plaintiff's actions alienating or as Gottlieb and Wagner would describe: raping your own child, driving a stake through their heart, or breaking their knees.

176.     Deprogramming is a method by which a person holding a non-acceptable belief is forced to change or forget that belief through the use coercion and severing ties with the entity/person.  The practice of deprogramming has been described by some as being "seized, held against his will, subjected to mental, emotional, and even physical pressures until he renounces his beliefs".  The first requirement of any deprogramming intervention is to discredit the prior alleged programmer, i.e., favored parent.  A very apt description for TPFF given four (4) day plus complete turn-around in the kids' behavior and attitude towards Pi, exceeding expectations or normalized, while the Defendants when describing the post-December 2021, deprogramming session, describe Plaintiff as a sinner, equating mother's actions to raping a child, continuing to rely upon stale text messages which are excerpts.  Unfortunately, the defendant's description of Plaintiff's so – called offensive behavior are neither consistent, nor told to more than one person.  Each defendant has their own version of events, incidents, incomplete undated excerpts of text communications, the only consistency is they all claim the children told them.  It is far easier to falsely label Plaintiff a liar and speak in false generalities than to tell the Court consistent detailed information.

177.     Plaintiff herein further alleges on information and belief, that on or about May 30, 2022, Gottlieb submitted as part of the report the six (6) requirements of the letter needed to be drafted by Plaintiff, none of the six (6) included Plaintiff's admission of fault and apologizing for actions/incidents which were misrepresented by the Mental Health defendants as occurring.

178.     Plaintiff herein is further informed and believes that although Gottlieb and the other Mental Health defendants preach about moving things forward and forgetting the past, Gottlieb in her May 30, 2022, declaration refers extensively to her contacts with Plaintiff from December 2021, but the comments are more prejudicial retaliatory, stemming from Plaintiff's April 28, 2022 communication with Sarkhosh and third-party posts on social media.

179.     Plaintiff herein is further informed and believes that in her May 2022 declaration, Gottlieb makes improper opinions about Plaintiff's mental health, is improperly making mental

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
46

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

health diagnoses, and retaliating for Plaintiff, plaintiff's counsel and family speaking out about Gottlieb and the Mental Health defendants. Gottlieb continues to falsely advise the Court Plaintiff had not complied with the terms of the order by omitting Gottlieb's additional requirements be included in the letters and preparation of a video. Gottlieb's failure to attach the letter and explain her refusal to authorize the letter and the Mental Health defendant's refusal to show the Court the letters or even to permit Plaintiff to respond in any format to specific questions posed by the kids was a misuse of their authority. Rather than attach the letters, Gottlieb simply falsely and improperly makes a medical diagnosis, about Plaintiff's state of mind, mental state, and manners in which to improve, all of which constituted her engaging in the unlawful practice of Marital and Family Therapy and Clinical Social Work in the State of California, as an unlicensed therapist.

180.    Plaintiff herein is further informed and believes that at her therapy session on June 3, 2022, Wagner made it clear that she was no longer supporting conjoint therapy or even visitation – although not specifically stated Plaintiff contends this was in retaliation for the social media posts, Plaintiff's counsel's letter and Plaintiff's communication to Sarkhosh.

181.    Plaintiff herein is further informed and believes that Sarkhosh in or about July 2022, observed KP, CP and RR in joint session which went so well, Sarkhosh was allegedly going to recommend further such visits as well as conjoint, subject to Fritsch's agreement. Sarkhosh further advised Plaintiff she was asking the children to write a letter articulating their desire to start having contact with their mother, KP was asked to include why she was ready now. Sarkhosh thereafter threatened to pause all therapy unless Plaintiff responded to certain emails regarding payment; although payment was made further visits did not proceed and no letters were ever provided, making it clear the alleged drafting of the letters, future meeting or placing all therapy on hold was only a pretense and threat to secure payment.[5]

182.    Plaintiff herein is further informed and believes that Sarkhosh on July 22, 2022, agreed and confirmed to be the conjoint for the entire family going forward, and depending on the

---

[5] Sarkhosh had sent emails while Plaintiff was on vacation and unable to respond.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
47

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

children's letters would help the process of starting therapy.  Unfortunately, the letters and/or content were never shared.

183.    Plaintiff herein is further informed and believes that she and Wagner had her last "session" on or about August 12, 2022, Wagner again questioned Plaintiff about how and what Plaintiff's attorney was going to do with the upcoming hearing; questioning Plaintiff about what was going to be in her declaration for the hearing; asked what type of car are you leasing; Wagner admitting to having other dad's go to Gottlieb and Wagner and Fritsch are on a number of cases together; would you request a different conjoint therapist, stated whatever happens at the hearing, Wagner will not be seeing Plaintiff again, and she was putting a note in the chart to stop therapy.

184.    Plaintiff herein is further informed and believes that on or about August 16, 2022, Fritsch with the approval the other defendants filed a declaration recounting an alleged incident wherein a third party, allegedly contacted KP at school, setting forth certain facts about the therapists and showed a video to KP, which according to Fritsch made KP uncomfortable.  Fritsch failed to advise the Court that the third person ask KP if she wanted to watch the video, and KP said yes, an important fact omitted by Fritsch, more judicial deception.  The video was nothing more than Plaintiff telling KP she loved both her children and wishing CP happy birthday[6]; Fritsch further claimed that Cousin Eric had contacted the children and Plaintiff jumped on the phone to say goodnight; Fritsch falsely claimed a social media post on an Aunt's account was written by Plaintiff.  Fritsch failed to advise the Court that the children were instructed in January 2022, to disconnect/not follow/unfriend any family member so as to avoid either direct or indirect contact with family members; Fritsch further failed to advise the Court that KP had repeatedly reached out to her cousins initiating contact.  Fritsch is not trained in the medical arts and improperly and repeatedly testified the alleged contact(s) were detrimental to the mental health of the children.

185.    Plaintiff herein is further informed and believes that approximately ten (10) months after the deprograming sessions of the children in New York, on October 11, 2022, Defendant Pi

---

[6] Plaintiff subsequently apologized to the Court and stated the video had been prepared because it had been eight (8) months since she had either seen or spoken with either KP or CP.  There was no sanction issued by the Court.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
48

by and through Alexander filed a false declaration claiming, for the first time, Plaintiff had "ordered" the children to call her new husband Dad, and not Pi, who according to Pi was to be referred to as Jeff or Jeffo.  Neither Pi nor Alexander have any evidence supporting the claim, as there is none – there was never any such direction or order by Plaintiff.  Defendants Pi and Alexander simply utilized text message(s) wherein Plaintiff referred to Pi as Jeffo.  Defendants Pi and Alexander further continued to misrepresent the March 2021 incident between KP and Pi's wife, and claiming it was all staged/orchestrated by Plaintiff – again, without proof or evidence. Defendants Pi and Alexander further misrepresented to the Court that Plaintiff instructed or had KP cut herself on the way to see Sarkhosh, what Sarkhosh referred to as being staged, but on the date in question, Defendant Pi was the custodial parent.  Defendants were falsely misleading the Court in the hopes the Court would make a finding the health, safety and welfare of the children were at risk.

186.    Plaintiff herein is further informed and believes that Sarkhosh's last therapeutic conjoint session with Pi and the children occurred on November 8, 2022.

187.    Plaintiff herein is further informed and believes that Defendant Fritsch with the knowledge and consent of Pi, Alexander and the Mental Health defendants lodged with the Court an Updated Statement of Issues, wherein he repeated the August event involving a third party, again accusing Plaintiff, without facts and/or information of using third parties to contact the children, even though the alleged contacts were nothing more than telling the children Plaintiff loved them and wishing them a Happy Birthday.  Defendant Fritsch further advised the Court that in December 2022, an Aunt Doreen and Cousin Alisa approached KP at a local mall, which according to Fritsch's statement to the Court, KP told him she felt the contact was inappropriate. Defendant Fritsch intentionally failed to advise the Court that both Aunt Doreen and Cousin Alisa were direct relatives of Defendant Pi, i.e., Doreen is married to Pi's brother, and not directly related to Plaintiff.  There is no Order prohibiting contact with the children by Pi's family members.  Aunt Doreen was also a witness to KP scratching her arms until they bled while under the care, custody and control of Pi, and although Fritsch knew and/or should have known Aunt Doreen's contact

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
49

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

information he never advised the Court nor confirmed what Doreen saw with respect to KP scratching herself – the failure to contact and report breached Fritsch's obligations as minor's counsel and his obligations to the Court.

188.    On or about December 30, 2022, Defendant Sarkhosh signed and filed a Declaration, which was neither served nor received by Plaintiff or her FLA counsel, until after the January 15, 2023, hearing.  Defendant Sarkhosh did serve the Declaration on all other counsel of record.

189.    Plaintiff herein is further informed and believes that on or about January 13, 2023, the Court issued a tentative ruling dismissing both Gottlieb and Wagner from their duties – agreeing with Plaintiff's position  that the two individuals were biased, compromised and prejudiced against Plaintiff.  The Court ordered the "attorneys" to meet and confer over the selection of replacements.

190.    Plaintiff herein is further informed and believes that Wagner subsequently filed a declaration, in February 2023,  claiming therapy was stopped because of money issues, even though her invoices were current and paid by Plaintiff – notably the withdrawal and declaration were filed after the Court had issued a tentative ruling removing her from the case.  Wagner falsely claimed therapy was mutually suspended, Wagner essentially fired Plaintiff as a patient based upon Plaintiff filing a motion to remove her for cause; the declaration was false for claiming she, Sarkhosh and Gottlieb were to meet and confer pursuant to a stipulation to determine when it is appropriate for children to begin therapeutic visitation with mom, which never occurred because she had no information to provide and could not comply because she allegedly withdrew almost one (1) year later - such statement under oath was false as it fails to set forth the phone/zoom calls with Sarkhosh and/or Gottlieb on or about April 25, 2022; May 20, 22, 2022; June 23, 2022 (Sarkhosh, Wagner and Plaintiff); August 13, 2022 (consultation with all providers), and exchange of emails in or about May 16, 2022. During this time Defendants, Gottlieb, Wagner and Sarkhosh made statements regarding methods to be established for setting appointments to reunite Plaintiff

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
50

with the children, which defendants thereafter failed/refused to abide by in retaliation for Plaintiff and her families' actions as discussed above.

191.    Plaintiff herein is further informed and believes that on and after February 13, 2023, Fritsch contacted Sarkhosh and Gottlieb to obtain names of suitable replacements for Gottlieb and Wagner.  Pursuant to the Court Order, Plaintiff's family law attorney and defendants Alexander and Fritsch held a meet and confer on or about February 23, 2023.  Unbeknownst to plaintiff's attorney, prior to the meet and confer between counsel, Sarkhosh with input from Gottlieb sent via email to Fritsch and Alexander a list of therapists: Jussi Light (provided in June 2021), Dr. Bryson Greaves, Cathy Himlin (provided in June 2021), Caitlin McCann, Jess Hiatt, Sally Lynch and Dr. Shannon Lerach.  Plaintiff's FLA attorney asked during the meeting whether Minors Counsel had a list of mental health professionals that he could refer or provide Plaintiff. Without disclosing the source of his list, Minors Counsel advised Plaintiff's FLA counsel that he did have such a list and would provide it shortly. Later that evening, Minors Counsel cut and pasted the list of names provided by Mitra Sarkhosh and Linda Gottlieb and forwarded the names in a separate email to Plaintiff's attorney.  At no point did Minors Counsel reveal to either Plaintiff's FLA counsel or the Court the source of his referral list.

192.    Plaintiff herein is further informed and believes that Fritsch has since filed a false statement with the Court informing the Court that he was suggesting the therapists, despite the list being sent to he and Alexander by Sarkhosh, to the exclusion of Plaintiff's counsel; Fritsch further advising the Court, Plaintiff was behind in her payments to him, but failing to comply with a prior Court suggestion that Fritsch provide more detail in his billing and less redaction – despite the court's suggestion in January 2023 that Fritsch do so, Fritsch has failed to supply the more detailed information supporting his alleged time entries.

193.    Plaintiff herein is further informed and believes that many of Fritsch redacted entries were redacted to avoid disclosing the conspiratorial communications with the other defendants, and in addition the entries were fraudulent in that they do not coincide with entries from the other defendants. The invoices submitted by Fritsch conspicuously list and identify

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
51

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Defendant Pi as the client, and not the children. Plaintiff herein maintains the invoices submitted by Fritsch are false and represent over and excessive billing on entries. Defendant Fritsch's employees have acknowledged to Plaintiff's FLA counsel that prior attorneys for Plaintiff had also requested less redacted invoices, but that they would not be provided.

194.    Plaintiff herein is further informed and believes that on or about May 12, 2023, Defendant Alexander submitted as evidence and accepting the email as true, a statement from Gottlieb that she had no knowledge of any of the seven (7) therapists. Gottlieb's email was false and Defendant's incorporation of the email and statement that was incorrect violated Alexander's obligations to the Court. Gottlieb knows certain of the therapists very well, because either had them assigned in other case(s) or was working with them on other matters. This as a false statement designed to malign and disparage Plaintiff in the eyes of the Court.

195.    Plaintiff herein is further informed and believes that Defendant Alexander has provided Gottlieb confidential and other filings from the FLA to Gottlieb, which Gottlieb has used and/or referenced in other litigation, as well as providing the pleadings and confidential information to attorneys in other jurisdictions, thus violating Plaintiff's right to privacy especially as to the confidential filings, and violating Gottlieb's requirement to remain neutral, not biased and impartial.

196.    Plaintiff herein is further informed and believes that the providing of such information, especially confidential, by the Defendants Fritsch and Alexander further prejudices Plaintiff and nullifies Gottlieb's, Sarkhosh's, Wagner's and Fritsch's required neutrality and impartiality.

197.    Plaintiff herein is further informed and believes that Gottlieb uses the same form letter and/or declaration in submitting her false and misleading statements/opinions to the Court, including continually using complimentary phrases about father and describing the four (4) day deprogramming event in New York as follows: the session went better than expected with the children quickly resuming a positive relationship with father; the session "succeeded and went

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
52

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

extremely well", the children having reunited and reconnected with their father, or words to the same effect.

198.    Plaintiff herein is further informed and believes that Gottlieb however being given authority over the content of the letter written by the favored parent (Plaintiff) continually without proper cause and abusing her discretion found the letter(s) were insufficient and needed to be changed; Gottlieb expressing the opinion or "feeling" she did not believe the mother was expressing a sufficient enough remorse, apology and concurrent endorsement of father's relationship – she felt there was a subliminal message in the letters showing a lack of support and a failure to accept full responsibility and accountability for a breakdown in the children's relationship with father.

199.    Plaintiff herein is further informed and believes that in another matter, Gottlieb and the custody evaluator conspired to work together in that the child would not smile in a photograph with the target parent, and as a result, Gottlieb stated she would and did photoshopped a picture of the smiling child from videos taken of the child – the falsified evidence was thereafter utilized to show how happy the child was with being reunited with the target defendant.

200.    Plaintiff herein is further informed and believes that Gottlieb consistently finds reasons to terminate a mother's therapeutic relationship with the mother's pre-existing individual therapist, regardless of the amount of time spent in therapy, unilaterally concluding the therapist was not appropriate and thereafter ordering the mother to use a therapist of Gottlieb's choosing, i.e., a therapist who will berate, terrify, threaten a mother, such as Plaintiff.  The entire goal of Gottlieb's program and her chosen therapists, in this case, Sarkhosh and Wagner is to force a mother, i.e., Plaintiff, to admit to wrongdoing, abusive actions to unconfirmed alleged events told to Gottlieb by the children, who Gottlieb repeatedly told the mother/Plaintiff lacked the mental cognitive ability to register, reflect, perceive and recount the event.  Gottlieb and her chosen therapists simply do not find a paternal pattern of abuse and reprogram the children to believe it was all the mother's fault.

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
53

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

201.    Plaintiff herein is further informed and believes that the Defendants, Sarkhosh, Wagner, Alexander and Pi acting in concert and assisting Gottlieb coupled with Defendant Gottlieb's preconceptions, prejudices, biases and predisposition against individual in positions similar to Plaintiff abused the discretion provided to her by the Court in continuously failing to permit and/or recommend Plaintiff's reunification with her children.  Gottlieb further abused her discretion provided to her by the Court to continue the sequestration of Plaintiff from her children until Plaintiff admitted to abuse and admitted to events which were not required by the court's order.

202.    Plaintiff herein is further informed and believes that Defendants, Alexander, Fritsch and Pi perpetuated Gottlieb's and the other Mental Health defendants' false representations, omissions, deception,  presentation of false evidence and reporting by repeatedly and knowingly reinforcing the submissions of the Mental Health defendants, as well as improperly providing their own opinions on the mental health of their children for which none of them are qualified to provide.

203.    Plaintiff herein further alleges on information and belief, that the use of the Gottlieb protocols and the Gottlieb approved therapists permits defendants to make money at the expense of the favored parent.  The conscious decision not to bill insurance is contrary to Gottlieb's previous statements that she does not charge, the therapy is covered by insurance, but for which the Mental Health defendants do not bill insurance and charge exorbitant hourly rates.

204.    Plaintiff herein is further informed and believes that defendants collectively failed to present the opinion and conclusions of the children's individual therapist, Ms. Zeljak, from October 2021, because it would contradict their false findings, opinions and argument that reunification camp and sequestration was needed, as opposed to ordering conjoint therapy for all being commenced.  The Mental Health defendants and Defendant Fritsch's failure to present Ms. Noble's and Ms. Zeljak's opinions to the Court constituted violations of the oaths and ethical obligations, and such failure was simply designed to line the defendant's pockets.

205.    Plaintiff herein is further informed and believes that Alexander and PI wanted to continue to financially abuse Plaintiff by repeatedly requesting sanctions, placing false and

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
54

misleading excerpts of undated texts before the Court, and seeking to punish Plaintiff for exercising her rights as a parent – Defendant Pi requesting in December 2021, he receive copies of the letters for pre-approval and receiving copies, negated any possibility the Mental Health defendants were engaging in unbiased nor-prejudicial activities, because ultimately, Pi and Alexander had to give their pre-approval to the letters – facts never disclosed to the Court.

206.    Plaintiff herein is further informed and believes that at no time relevant did the Mental Health defendants ever advise the Court of the threats, extortion and denigrating comments made to Plaintiff because it would have clearly shown their vitriol, prejudice and bias against Plaintiff – this is the same course of conduct employed by the Mental Health defendants and Fritsch in other matters involving alleged alienation, i.e., the target (disfavored) parent is elevated and glorified while the alleged favored parent (Plaintiff) is vilified to the Court and subject to mistreatment, maligning of character, threats and extortion, just as Plaintiff in this action.

207.    Plaintiff herein is further informed and believes that the Mental Health defendants have violated their applicable Codes of Conduct  and other standards including but not limited to the following matters:

a.)    Therapists perpetuate historical and/or social prejudices when diagnosing and treating clients/patients because such conduct may lead to misdiagnosing and pathologizing clients/patients.

b.)    Therapists do not disclose client/patient confidences, (including the names or identities of their clients/patients), to anyone except as mandated by law, as permitted by law

c.)    Therapists respect the rights of clients/patients to choose whether to enter into, to remain in, or to leave the therapeutic relationship.

d.)    When a therapist's personal values, attitudes, and/or beliefs are a prejudicial factor in diagnosing or limiting treatment provided to a client/patient, the therapist shall disclose such information.

e.)    Therapists carefully consider potential conflicts when providing concurrent or sequential individual, couple, family, and group treatment, and take reasonable care to avoid or minimize such conflicts.

f.)    Therapists are aware of their influential position with respect to clients/patients, and avoid relationships that are reasonably likely to exploit the trust and/or dependence of clients/patients, or which may impair the therapist's professional judgment; therapists take appropriate professional precautions which may include, but are not limited to the

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
55

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

following: obtaining the informed consent of the client/patient, consultation or supervision, documentation of relevant factors

**g.)** Therapists make continuous efforts to be aware of how their cultural/racial/ethnic identities, values, and beliefs affect the process of therapy. Therapists do not exert undue influence on the choice of treatment or outcomes based on such identities, values, and beliefs.

**h.)** Therapists avoid performing conflicting roles in legal proceedings and disclose any potential conflicts to prospective clients/patients, to the courts, or to others as appropriate.

**i.)** Therapists avoid providing both court evaluations and treatment concurrently or sequentially for the same clients/patients or treatment units in legal proceedings such as child custody, visitation, dependency, or guardianship proceedings, unless otherwise required by law or initially appointed pursuant to court order.

**j.)** Therapists, regardless of their role in a legal proceeding, remain impartial and do not compromise their professional judgment or integrity. Therapists understand that their testimony and opinions are impactful on legal outcomes. Therapists use particular caution when drawing conclusions or forming or expressing opinions from limited observations or sources of information.

**k.)** Therapists shall only express professional opinions about clients/patients they have treated or examined. Therapists, when expressing professional opinions, specify the limits of the information upon which their professional opinions are based. Such professional opinions include, but are not limited to, mental conditions, emotional conditions, or parenting abilities.

**l.)** Therapists inform the client/patient or the treatment unit of any potential consequences of therapist-client/patient role changes. Such role changes include, but are not limited to: child's therapist, family's therapist, couple's therapist, individual's therapist, mediator, and special master. Therapists are encouraged to obtain consultation before changing roles to consider how the role change might create a conflict of interest or affect the therapeutic alliance, and to explore whether appropriate alternatives exist that would reduce such risks.

**m.)** Therapists, when assuming treatment or forensic expert roles, are or become familiar with the judicial, jurisdictional, and administrative rules governing their roles.

**n.)** Therapists in order to avoid an inaccurate or incomplete assessment of the minor's needs, therapists use caution in the interpretation of a minor's pictures, writings, or other materials produced in the course of treatment as well as behaviors or statements when the minor expresses a position on disputed adult issues.

**o.)** Provide impartial treatment to all persons and avoid any appearance of impropriety.

**p.)** Demonstrate the highest standards of personal integrity and honesty in all professional and personal dealings.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
56

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

**q.)**   Safeguard confidential information.

**r.)**   Individuals are to be impartial and competent.

**s.)**   Facilitate family transition and reduce acrimony.

**t.)**   Assist the parties without undue influence or personal bias, in developing a parenting plan that protects the health safety, welfare and the best interest of the child and that optimizes the child's relationship with each party.

208.    Plaintiff herein is further informed and believes that Defendants Alexander and Fritsch have violated the California Rules of Professional Responsibility and California law including but not limited to the following matters:

**a.)**   Breach of their duty of candor to the Court.

**b.)**   Knowingly contacting individuals to whom the Court has referred one or more issues and whose decision or recommendation can be binding on the parties if approved by the court.

**c.)**   Failing to disclose conflicts of interest.

**d.)**   Failing and/or assisting in the violation of law through the presentation of false evidence/testimony to the Court.

**e.)**   Participating and/or assisting in omitting evidence and facts from the Court.

209.    The foregoing facts and background show an unrelenting and improper violation of Plaintiff's rights for which Plaintiff is entitled to recovery as set for below.

**First Cause of Action for Violation of Civil Rights**
**(42 U.S.C. §1983)**
**(Fourteenth Amendment and Fourth Amendment**
**Against All Defendants)**

210.    Plaintiff realleges and incorporates herein as if fully set forth, paragraphs 1 through 209, inclusive.

**Count One (Procedural Due Process, Unlawful Seizure, and Familial Association)**

211.    Plaintiff herein is further informed and believes that the Mental Health defendants and Defendant Fritsch were individually and collectively acting under the color of authority as provided to them either through the Court directly by appointment of the Court and/or subsequently indirectly by giving Gottlieb unilateral authority to choose an individual therapist, Wagner, who would report to Gottlieb and the Court.  Defendant Fritsch and the Mental Health

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
57

1   defendants knowingly and intentionally jointly engaged in the actions to manipulate and deceive

2   the Court with the other Defendants and in furtherance of undertaking the challenged actions.

3       **212.**    Plaintiff herein is further informed and believes that Defendants, Alexander and Pi

4   were active and knowing participants acting in concert and/or joint action with the State or its

5   agents, i.e., the Mental Health Defendants, jointly engaged in the actions to manipulate and deceive

6   the Court and in furtherance of undertaking the challenged actions.

7       **213.**    Plaintiff herein is further informed and believes that in making the declarations and

8   submissions to the Court as outlined above, the defendants deliberately fabricated and/or

9   misrepresented evidence, knowingly and intentionally omitted information important and

10  necessary to the tribunal's process and/or knowingly and intentionally withheld and/or

11  misrepresented the status of evidence showing Plaintiff's compliance with the Court's order on

12  drafting the necessary letter all of which were material and necessary for the Court and Defendants

13  acts and omissions as set forth caused Plaintiff the deprivation of a significant Constitutional right.

14      **214.**    Under the circumstances of this case, as outlined above, Plaintiff had the right to

15  be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United

16  States, which right is "clearly established" such that a reasonable, neutral unbiased Marital Family

17  Therapist and/or Licensed Clinical Social Worker in the Mental Health defendants situation would

18  know it was/is wrong to interfere with a child's right to remain with their parents in the absence

19  of exigent circumstances, and that such right may not be impinged upon without first obtaining a

20  valid court order, and that the Mental Health defendants knew understood and appreciated due to

21  their prior experience they were not permitted to use trickery, threats, extortion and make false

22  statements to the Court, present false evidence to the Court and omit evidence from the Court in

23  order to deceive the Court.

24      **215.**    Under the circumstances of this case, as outlined above, Plaintiff had the right to

25  be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United

26  States, which right is "clearly established" such that attorney's, defendants Alexander and Pi, both

27  licensed to practice law in the State of California were or should have been aware of the absolute

28

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
58

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

duty of candor to the Court and the obligation to not mislead the Court through false evidence or omission of evidence pertinent to the Court's analysis, either directly or through their client, Defendant Pi, or make false statements of fact as coming from their minor clients – these defendants knew or would know it was/is wrong to interfere with a child's right to remain with their parents in the absence of exigent circumstances, and that such right may not be impinged upon without first obtaining a valid court order.

216.    It is further required of the Mental Health defendants that they be neutral and unbiased in their dealing with court and that they not use trickery, deception and/or mislead Plaintiff by promising visitation/custody and/or therapy only to make false deceptive statements to the Court and/or omitting relevant important factual information from the Court.

217.    Plaintiff herein further alleges on information and belief that as part of their duties and obligations to abide by Plaintiff's Constitutional rights there were required, but failed, to disclose their ongoing business relationships, including the amount of work and/or money or other benefits each had provided to any of the others, to further disclose any preconceived bias, prejudice favoring one party over the other for any reason, to disclose all conflicts of interest and recuse herself/himself when a conflict of interest arose.

218.    It is equally established that a person in Plaintiff's position has a Constitutional right not to have minor children seized or removed from their custody and controlled through the use of court orders obtained by fraud, omission and artifice.

219.    In the absence of exigent circumstances and without a finding the children were in imminent danger of suffering serious bodily injury at the hands of her mother, Defendants, and each of them, acting under the color of law, agreed, and/or conspired to deceive the San Diego Family Law Court, by way of misrepresentation, deception, subterfuge, threats, coercion and omission in order to obtain an order authorizing the seizure of the children from Plaintiff and the comfort and care of Plaintiff.  Thereafter, Defendants, and each of them acting on the aforesaid scheme did unlawful obtain control and possession of the children and have continued to detain the children from visiting and/or having a child parent relationship for over eighteen months and

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
59

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

ongoing. Defendants' conduct was without proper justification or authority, and without probable cause, consent, exigency, or lawfully obtained court order. Defendants conduct was reprehensible and based upon the Mental Health defendants bias, prejudice and lack of neutrality when it comes from an alleged father claiming parental alienation by his former wife. The Defendants' actions were taken with deliberate indifference to Plaintiff's rights as evidenced by the wrongful withholding of authorization of compliance with the Court Order through the demand and use terms and conditions not required by the Court order (substituting their judgment for that of the Court) and withholding information from the Court; the constant personal attacks, maligning of Plaintiff's character, inconsistent allegations allegedly being made by the children, the improper use of their authority attempting to obtain Plaintiff counsel's thought processes and responses to claims being raised, and their admitted use of deprogramming the children to train the children plaintiff was evil and the bad parent – thus alienating the children from their mother and costing her and depriving her right to loving caring relationship with her children.

220.    The Constitutionally protected right to Due Process requires, at a minimum, neutral evaluators, acting impartially and unimpeded by prior biases, prejudices and/or predisposition of findings. On the basis of the facts presented above, the Mental Health defendants were not neutral were biased and acted in a specific deceptive manner to humiliate Plaintiff by and through demanding she admit to abusive conduct – a requirement supposedly rejected and/or not required by Gottlieb; Gottlieb, Sarkhosh and Wagner all used abusive condescending threatening language towards Plaintiff in their attempts to have make admissions to abuse and alleged acts and events that had been programmed into the children by and through the Mental Health defendants and Pi.

221.    As a direct and proximate result of these Defendants actions, Plaintiff has suffered, and will continue to suffer economic, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial.

222.    Defendants due to their collaboration and conspiratorial conduct with each other are vicariously liable responsible for the conduct of each other and DOES 1 through 50, inclusive, under applicable statutory and case law.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
60

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

**223.** On information and belief. Defendants and DOES 1 through 50, inclusive, and each of them acted with malice and with the intent to cause injury to Plaintiff or acted with willful and conscious disregard of the rights of Plaintiff in a despicable, vile, fraudulent manger.  Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing these defendants, and each of them, and to deter them and others from such conduct in the future.

### Count Two (Substantive Due Process,  The Right to be Free from the Use of Deception in Judicial Proceedings, and Familial Association)

**224.** Plaintiff realleges and incorporates herein as if fully set forth, paragraphs 1 through 223, inclusive.

**225.** Plaintiff is informed and believes and thereon alleges that the right to familial association is guaranteed under the Fourteenth Amendment, and is clearly established such that reasonable and experience attorneys practicing Family Law in the State of California and individuals such as the Mental Health defendants, who are experienced as Court appointees in providing information, reports, declarations, statements under oath and testifying in Court would know it is unlawful to remove a child(ren) from the care custody, and control of one of its parents or to question, threaten, deprogram/reprogram a child to favor one parent over the other without the presence of exigent circumstances.  In addition, there is clearly established due process right not to be subjected to false accusations on the basis of false evidence, false testimony and/or omission of facts to the tribunal that was deliberated fabricated/falsified and/or omitted by individuals acting under the color of law or their conspirators such that a reasonable individuals such as the Defendants and in the Defendants situation would know it is unlawful to lie, fabricate and/or suppress evidence in declarations, sworn petitions, court reports and/or court submission all filed with the court.

**226.** In doing the things alleged hereinabove, Defendants and each of them, interrupted and impaired the familial rights of Plaintiff, which is continuing, by obtaining order through deception and misrepresentation, resulting in the unlawful removal of the children from the custody and care of Plaintiff and continuing to detain the children in the custody of Defendant Pi,

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
61

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

despite their knowledge that the children were removed and detained based upon Defendants' lies, trickery, suppression of evidence, and fabrications.  The Mental Health defendants knowingly, intentionally, and voluntarily collaborated and conspired with the remaining defendants, and each of them, in effectuating their unlawful scheme/plan to keep Plaintiff's children from Plaintiff's care, custody, and control of Plaintiff for as longs possible.

227.    In doing the things alleged hereinabove Defendants, and each of them, were acting under color of state law.  Defendants did these things without proper justification and/or authority, and without probable cause, or exigency – the Court never holding an evidentiary hearing and never making a finding the children's safety, health, or well-being were at risk, the Court declined to make this finding. Further Defendants' actions were taken with deliberate indifference to Plaintiff's due process rights and/or rights to uninterrupted familial association and/or privacy.  As to Defendant Wagner her conduct was undertaken in direct breach of her fiduciary duties to her client, Sunny Robbins, Plaintiff.

228.    Defendants, and each of them, maliciously conspired to violate the civil rights of the Plaintiff, including violation of the Plaintiff's rights found in the Fourteenth Amended to the United States Constitution, by, but not limited to, removing, detaining, and continuing to detain, Plaintiff's children from her care, custody and control, without proper or just cause and/or authority; by subjecting the children to excessive reprograming/deprogramming to implant through coercion and trickery the belief Plaintiff was an abusive parent and everything the felt bad towards their father, Pi, was the result of her improper actions – there is no scientific support for such deprograming/reprograming as Gottlieb has admitted a child of the children's age lack the mental cognitive ability to recall, and recount events accurately – as such any such statements of alleged incidents and events provided to Gottlieb and the other Mental Health defendants could not be trusted.  The defendants further subjected Plaintiff to trickery, threats, extortion and maligning her character and disparaging comments in order to compel an admission from her, that she had abused her children, and when she refused, the improperly mislead the court.  Plaintiff herein alleges that the Defendants use of trickery, coercion, threats and duress to obtain evidence

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
62

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

and testimony; coupled with maliciously falsifying evidence and/or maliciously omitting relevant evidence from the Court during the pendency of FLA proceedings violated the Constitutional rights of Plaintiff.

229.    By these actions, as set forth previously, Defendants and each of them, interfered and/or continue to interfere with Plaintiff's Constitutional rights to familial association under the Fourteenth Amendment.

230.    As a direct and proximate result of these Defendants' actions, Plaintiff has suffered, and will continue to suffer economic, physical, mental, and emotional injury, all to the extent and in an amount subject to proof at trial.

231.    On information and belief, Defendants, and each of them acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner.  Therefore, Plaintiff is entitled to an award of punitive damages against the Defendants for the purpose of punishing them and to deter them and others from such conduct in the future.

232.    The foregoing facts and background show an unrelenting and improper violation of Plaintiff's rights for which Plaintiff is entitled to recovery as set for below.

### Second Cause of Action for Violation of Racketeer Influenced And Corrupt Organizations Act (18 U.S.C. §1961, *et seq.*) (Against All Defendants)

233.    Plaintiff realleges and incorporates herein as if fully set forth, paragraphs 1 through 232, inclusive.

234.    In doing the things alleged hereinabove Defendants, and each of them engaged in a racketeering enterprise as each of them collectively formed a group and/or association joined in a common purpose of engaging in a course of conduct as a continuing unit to commit fraud upon the Court and Plaintiff.

235.    During an unknown period of time, but believed to be between June 2020 and continuing through the present, the Defendants associated together to form an enterprise within

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
63

the meaning of 18 U.S.C. § 1961(4), whereby they devised a scheme to defraud Plaintiffs and others by way of fraudulently induced custody of children awards through the use of falsified evidence, intentionally omitting evidence from the Court and generally engaging in judicial deception in order to wrest custody rights from Plaintiff to Defendant Pi, such custody would be to the exclusion of Plaintiff.

236.    Defendants acted in concert with each other and others (DOES) in furtherance of a scheme to victimize by defrauding (by means to include but not limited to wire and mail fraud) - the Defendants in violation of RICO utilized extensively electronic filing, electronic mail and the United States Postal for service and transmittal of communications, filing and lodging materials with the Court and service of Pleadings, which were knowingly false, misrepresentation of facts. Defendants and each of them further relied upon and utilized Defendants Gottlieb and Wagner to threaten and attempt to extort concessions out of Plaintiff with promises of her children being returned, and when Plaintiff refused to admit to false events, facts and to succumb to their demands that she admit to abusing her children, the Defendants, and each of them caused to be electronically filed and/or sent via mail and/or electronic means reports, statements summaries and pleadings to the court which were false, misleading and designed to prevent Plaintiff from custody and visitation of her children.

237.    Each of the dates set forth previously, constituted separate and distinct predicated acts of racketeering, Defendants utilized either or all: electronic filing, United States Postal Service and/or electronic service in which to communicate with each other, lodge and/or file documents in the FLA, service of documents/pleadings/reports filed and/or lodged in the FLA.  Plaintiff herein alleges that each of the dates set forth previously constitute a separate and distinct violation of the Federal wire fraud statute as set forth in 18 U.S.C. §1343.

238.    Each of the dates set forth previously, constituted separate and distinct predicated acts of racketeering, Defendants enterprise activity acting through Gottlieb, Sarkhosh and Wagner engaged activities and demands amounting to extortion of Plaintiff by attempting to have her admit

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
64

to false facts and/or abuse, in exchange favorable custody and visitation reports and promising the return of her children in violation of 18 U.S.C. §§1961, 1962, and federal law defining extortion

239.    Each of the dates set forth previously, constituted separate and distinct predicated acts of racketeering, Defendants enterprise activity acting through Gottlieb, Sarkhosh, Fritsch, Alexander and Pi engaged in witness tampering by requiring the children to undergo reprogramming / deprogramming of their memories, thus altering, manipulating and tampering with the children's recollection of events – essentially telling Plaintiff their memories were false and implanted by Plaintiff while replacing the children's memories with that of Pi being the healer and victim of Plaintiff's activities – these altered memories were thereafter reported to the Court by and through Defendants, Fritsch, Gottlieb, Sarkhosh and Pi in violation of 18 U.S.C. §§1961, 1962, and federal law defining witness tampering.

240.    As set forth previously on each of the dates indicated, Defendants engaged in the common purpose of the enterprise to defraud by any means necessary, the Court and Plaintiff such that the Court and Plaintiff were provided false misleading information and/or not provided information as Defendants were required to present all in order for Defendant Pi to obtain custody and control over the children.

241.    The racketeering scheme or otherwise course of conduct as prosecuted in this lawsuit comprises of both known and unknown participants but was formulated and orchestrated by the parties named above as RICO defendants.

242.    One of the many schemes but in particular, the instant scheme to defraud by corrupted litigation involves the Defendants conspiring and colluding with each other.

243.    Plaintiff herein alleges that as set for previous, on the dates indicated, the individual Defendants acted to better the enterprise through the false representation, judicial deception, omission of facts, threats, coercion, trickery, extortion, wire fraud as well witness tampering all with the anticipated result of wresting and denying custody of Plaintiff's children from her. Based upon an Order secured by fraud, omission and deception Plaintiff lost custody on or about December 10, 2021, and for which she has not been permitted to visit them since that date.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
65

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

**244.**    Upon knowledge and belief the defendants made fraudulent allegations in California state civil court proceedings directly against Plaintiff in this action, but for which Plaintiff pleads and avers this conduct is commonly used by Gottlieb throughout the United States.

**245.**    The uses of emails, telephone communications, text messages, and/or electronic court filings, to include but not limited to electronic court filings made in the FLA, coupled with the threats, coercion, maligning of Plaintiff's character and the reprograming/deprograming of the children's memories were an essential part of the continuing course of conduct to defraud, for the purpose of predicated acts of racketeering and unlawful racketeering activities.

**246.**    At all times relevant, the Defendants agreed to and did conspire to injure Plaintiffs willfully and maliciously in her custodial rights to her children through the fraud, extortion and witness tampering committed by the Defendants.

**247.**    Defendants have knowingly, willfully and intentionally conspired and agreed to conduct and participate in the conduct and the affairs of their Enterprise as alleged in the preceding sections.

**248.**    Defendants, and each of them, conspired to commit the fraud and other acts alleged within this Complaint, in that all Defendants conspired to accomplish the fraudulent litigation scheme, which included the use of wire fraud, extortion and witness tampering.

**249.**    Defendants had a meeting of the minds to accomplish that goal through one or more unlawful acts of fraud, extortion and tampering with the memories of the children as alleged herein, and Plaintiffs suffered harm as a result of Defendants' conduct and conspiracy.

**250.**    As a direct and proximate consequence of the Defendants' conspiracy, Plaintiffs has been injured in her loss of her absolute custodial right over her children, causing Plaintiff to suffer monetary damages in an amount not less than $10,000,000.00, said damages to be proven at the time of trial.

**251.**    Because Defendants violation the terms of 18 U.S.C. § 1964(c), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees and any injunctive relief the court deems reasonable.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
66

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

252.    Defendants' conduct as alleged in paragraphs 1 through 246 and incorporated herein was done in furtherance of their informal association together for a common purpose of engaging in a course of conduct as a continuing unit.

253.    Accordingly, the Plaintiffs is entitled to an award of punitive damages from Defendants and each of them in an amount to be proven at trial and sufficient to punish, penalize and deter Defendants from engaging in such conduct in the future.

### Third Cause of Action for Professional Negligence
### (Against Defendant Kendall Wagoner and DOES 51-60)

254.    Plaintiff realleges and incorporates herein as if fully set forth paragraph 1 through 209, inclusive.

255.    By reason of their relationship, Defendant undertook and owed professional obligations to exercise that degree of care, required of medical practitioners engaged in the primary practice of therapy and counseling with adjunct care, treatment and diagnosis of Plaintiff. These professional obligations and acting within the applicable standard of care included but were not limited to notifying and maintaining Plaintiff's right to privacy; rendering actual therapeutic and evaluative procedures of Plaintiff.

256.    Defendants breached their professional obligations by, including but not limited to the following: (1) falsifying her records; (2) providing a false declaration to the Court; (3) by failing to protect Plaintiff's privacy by disclosing communications which were solely intended for the purposes of therapy by Defendant of the Plaintiff; (4) by violating her code of ethics through demeaning and belittling comments, falsely accusing plaintiff of actions, events and incidents which were not grounded in fact; (5) by attempting to coerce and/or extort admissions beneficial and helpful to third parties in the ongoing FLA; (6) by abandoning plaintiff's care, and performing therapy based upon input from third-party unlicensed individual.

257.    As a result of the above acts, omissions and breaches of professional obligation, the Plaintiff has been damaged according to proof, and, further, which would not have happened but for Defendants' professional negligence.

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
67

258.    The Plaintiff has further suffered damage made up of pain, suffering, anxiety, further and necessary counseling and therapy and other general and special damages according to work.

259.    Upon information and belief, these damages are in excess of the jurisdictional limits of this court.

**PRAYER:**

**WHEREFORE**, Plaintiff Sunny Robbins fka Sunny Pi, prays as follows:

**1.**    As to the First Cause of Action, under § 1983, Counts 1 and 2 against all Defendants: compensatory damages in an amount to be established at trial, punitive damages, and attorney's fees.

**2.**    As to the Second Cause of action for violation of Violation of Racketeer Influenced And Corrupt Organizations Act against all Defendants: compensatory damages in an amount to be established at trial, penalties as permitted by statute, punitive damages, and attorney's fees.

**3.**    As to the Third Cause of Action for Professional Negligence against Defendant Kendall Wagner, LMFT: General and special damages according to proof.

**4.**    For costs of suit incurred therein;

**5.**    For Attorney's fees as permitted by statute;

**6.**    For such other and further relief as the Court may deem just and proper.

BAYUK & ASSOCIATES, Inc.

Dated:  June 7, 2023

S:/ CHRISTOPHER BAYUK
Christopher W. Bayuk, Attorneys for
Plaintiff, Sunny Robbins fka Sunny Pi

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Robbins v Turning Points et al
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
68

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demands a trial by jury on all issues so triable that are raised herein, or which hereinafter may be raised in this action.

BAYUK & ASSOCIATES, Inc.

Dated:  June 7, 2023

S:/ CHRISTOPHER BAYUK
Christopher W. Bayuk, Attorneys for
Plaintiff, Sunny Robbins fka Sunny Pi

*Robbins v Turning Points et al*
Complaint for Violation of Due Process,
Racketeering & Corruption
Professional Negligence
69