Christopher W. Bayuk, Esq. (State Bar No. 121751)
BAYUK & ASSOCIATES, INC.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Telephone: (530) 903-3160
email: cbayuk@bayuklaw.com

Attorneys for Plaintiff: Sunny Robbins fka
Sunny Pi

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY ROBBINS, FKA, SUNNY PI<br><br>PLAINTIFF,<br><br>V.<br><br>TURNING POINTS FOR FAMILY, LLC; LINDA GOTTLIEB, LMFT / LCSW-R; COPARENTING MADE EASY; MITRA SARKHOSH, LMFT; CARLSBAD COUNSELING CENTER; KENDALL WAGNER, LMFT; LAW OFFICES OF STEVEN L. FRITSCH, A.P.C.; STEVEN L. FRITSCH, ESQ.; LAW OFFICES OF LINDA J. ALEXANDER; LINDA ALEXANDER; JEFFREY PI AND DOES 1 - 50<br><br>DEFENDANTS | CASE #: 3:23-cv-01061-CAB-KSC<br><br>**PLAINTIFF'S EX PARTE APPLICATION IN THE ALTERNATIVE TO EITHER STAY OR CONTINUE ALL HEARING DATES BASED UPON MEDICAL**<br><br>**FILED CONCURRENTLY WITH MOTION TO SEAL**<br><br>**Judge: Cathy Ann Bencivengo**<br>**Magistrate: Karen S. Crawford**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## I.    INTRODUCTION

Plaintiff, Sunny Robbins, herein applies for alternatively for a stay of the proceedings or for a continuance of the hearings in this matter.  As set forth in the separately lodge Motion to Seal, Plaintiff's counsel has significant health issues, which were only recently diagnosed.

## II.    FACTS PERTINENT TO THE APPLICATION

Due to health issues involving her counsel, Plaintiff finds herself, with an attorney who is unable to practice law for a period of time due to illness of her attorney .

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

The details pertaining to Mr. Bayuk's illness is provided to the Court in the separately lodged Declaration of Christopher W. Bayuk and the exhibits there which accompanies the Motion to Seal Records.  Defendants have filed multiple motions to dismiss, and Plaintiff needs either a stay or continuance of all hearing dates, while her counsel's health issues are sorted out.

At present, Plaintiff by and through Mr. Bayuk has reached out to several firms about either assuming control or associating as counsel so the case may proceed.  At present, there has been no response.

### III.    LEGAL ANALYSIS

Plaintiff understands there is a limited basis upon which a Stay of Action and/or lengthy continuance with an Order precluding the parties to serve further motions and/or discovery.  It is anticipated that Defendants Linda Gottlieb and Turning Points for Families, LLC, will need to file its responsive pleadings on or about August 9, 2023.  As such, Plaintiff suggests permitting the filing of that motion to dismiss, so that when the case is reinstated, the motions to dismiss and a briefing schedule can be set.

Given counsel's circumstances and the status of litigation a stay except as noted above for Defendant Gottlieb and Turning Points for Families, LLC is requested.  Federal Rules of Civil Procedure rule 6 provides in pertinent part:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.  [See 28 U.S.C. App Federal Rules of Civil Procedure Rule 6]

There has been no scheduling order issues and an Early Neutral Evaluation Conference has not bee calendared.  California law provides various cases wherein stays can be entered based upon the health of counsel.

In *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242—to permit plaintiffs to be represented by physically able counsel. As stated in Hernandez, "The death or serious illness of a trial attorney or a party 'should, under normal circumstances, be considered good cause for granting the continuance of a trial date[.]' [Citation.]" [*Id.* at pp. 1247–1248.]  In *Lerma v. County of Orange* (2004) 120 Cal.App.4th 709[6], [reversing summary judgment where trial counsel could not file an opposition due to his hospitalization]  The affidavit or declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence." [*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715.]

As set forth in *Lerma v County of Orange*, the reason for this "exacting requirement" (*ibid.*) is to prevent "every unprepared party who simply files a declaration stating that unspecified essential facts may exist" (*id.* at pp. 715–716) from using the statute "as a device to get an automatic continuance" (*id.* at p. 715). "The party seeking the continuance must justify the need, by detailing both the particular essential facts . . ." (*Id.* at p. 716.)

The foregoing analysis applies equally to this case.  Plaintiff by and through her counsel has submitted a Declaration and medical records as part of her Motion to Seal records.  Plaintiff would request the Court review the Declaration and exhibits submitted as part of the motion to seal when considering this application to stay and/or continue all hearings until a further status conference in six (6) months or as some other reasonable time frame determined by the Court, can be held in order to permit Defendants collective motions to dismiss to be adequately opposed by either present counsel or new counsel.  During this time, the case would be stayed so that neither side will take advantage of continuances and/or stay.

**PRAYER:**

**WHEREFORE**, Plaintiff Sunny Robbins fka Sunny Pi, prays as follows:

1.    The Court grant the request for temporary stay of action and continue the hearings presently set to permit Plaintiff to determine her new and/or associated counsel.

2.    The Court extend Plaintiff's time to respond to the motions dismiss without running afoul of the filing date(s) for her opposition.

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

---

[6] Lerma involved the continuance of a hearing on motion for summary judge.

*Robbins v Turning Points et al*
Application to Stay and/or Continue All Hearing Dates

**3.**     For such other and further relief as the Court may deem just and proper.

BAYUK & ASSOCIATES, Inc.

Dated:  July 31, 2023

S:/ CHRISTOPHER W. BAYUK
Christopher W. Bayuk, Attorneys for
Plaintiff, Sunny Robbins fka Sunny Pi

DECLARATION OF CHRISTOPHER W. BAYUK

I, Christopher W. Bayuk say and declare as follows:

I am an attorney at law duly licensed to practice in all the courts of the State of California, and I am the attorney of record for . (Hereinafter Plaintiff).  I am a member in good standing of the Bar of the State of California having first been admitted in December 1985.  I have personal knowledge of the following facts, and I could, and would, competently testify thereto if called upon to do so.

**1.**     On or about July 31, 2023, I sent an email to the Defendants counsel advising them of the intention to apply to this Court for this application as well as submit the Motion to Seal records, pertaining to my illness. I filed this action on behalf of Plaintiff on or about June 7, 2023. The summons and complaint has been served on all defendants.  Each of the Defendants, except Ms. Gottlieb/Turning Points have filed motions to dismiss the complaint for failure to state a cause of action.

**2.**     Counsel for Ms. Gottlieb and Turning Points for Families as agreed to work with me and stated he would provide as much time as needed. As of the filing of this Application, there has been no response to my request for a stipulation from the other Defendants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on the 31st day of July 2023, at Yreka, California.

Dated: July 31, 2023                              By:  S:/ CHRISTOPHER W. BAYUK
                                                        Christopher W. Bayuk, Esq.

BAYUK & ASSOCIATES, Inc.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762